IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | COMPLAINT |
| AARON THOMAS COMPANY, INC., and SUPREME STAFFING, LLC | JURY TRIAL DEMAND |
| Defendants. | |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on race and to provide appropriate relief to aggrieved individuals who were harmed by such practices (aggrieved individuals). As alleged with greater particularity in the paragraphs below, Plaintiff Equal Employment Opportunity Commission alleges Defendants Aaron Thomas Company, Inc., and Supreme Staffing, LLC, acting as joint employers, failed to hire, refer, select, place, or assign African American applicants for positions at its warehouse facilities in Memphis, Tennessee. Defendants further discriminated against African American workers by segregating workers based on race and terminating African American workers based on race at its Memphis facilities.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) (Title VII) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful employment practices alleged in this Complaint were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division. Venue is appropriate for this Court.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      Defendant Aaron Thomas Company, Inc. (Aaron Thomas) is a manufacturer and contract packager, headquartered in Memphis, Tennessee and specializing in snack foods, nutritional supplements, and organic food packaging services. Defendant Supreme Staffing, LLC (Supreme Staffing) is a staffing company headquartered in Memphis, Tennessee to provide employees to its client Defendant Aaron Thomas.

5.      Defendant Aaron Thomas has service locations in Los Angeles (Garden Grove and Jurupa Valley), Chicago, and Memphis. Defendant Supreme Staffing has locations in Georgia, Nevada, Louisiana, Indiana, Florida, Ohio, Delaware, New Jersey, Connecticut, South Carolina, and Kentucky.

6.      At all relevant times, Defendant Aaron Thomas, a warehouse distributor and Defendant Supreme Staffing, a staffing agency, operated as joint employers.

a.      The contractual agreement between Defendants Aaron Thomas and Supreme Staffing gave both entities the ability to assign, fire, direct, supervise performance and discipline employees.

b.  The contractual agreement provided that Defendant Aaron Thomas would directly supervise all work performed by Defendant Supreme Staffing employees.

c.  The contractual agreement provided that prior authorization from Defendant Supreme Staffing was required before an assignment agreed upon could be changed.

d.  Defendant Supreme Staffing exercised control over its temporary workforce.

e.  Defendant Supreme Staffing recruited, screened, and hired its temporary workforce.

f.  Defendant Supreme Staffing referred and placed employees at its client, Defendant Aaron Thomas, to work.

g.  Defendant Supreme Staffing's account managers and onsite supervisors exercised control over which employees to assign to Defendant Aaron Thomas.

h.  Defendant Supreme Staffing disciplined and discharged employees.

i.  Defendant Supreme Staffing issued paychecks to workers.

j.  At all relevant times, Defendant Aaron Thomas decided who worked and who did not work.

k.  Sometimes Defendant Aaron Thomas requested to interview and approve Defendant Supreme Staffing employees before placement to ensure employees were the right fit for Defendant Aaron Thomas.

l.  Defendant Aaron Thomas held responsibility for bodily injury and any workers' compensation injuries.

m.  Defendant Aaron Thomas directed the work schedules and tracked overtimes.

n.  Defendant Aaron Thomas set the pay for Supreme Staffing employees.

7. Defendants Aaron Thomas and Supreme Staffing have continuously been doing business in the State of Tennessee and the City of Memphis as joint employers and have continuously had at least 15 employees.

8. At all relevant times, Defendants Aaron Thomas and Supreme Staffing have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCESS

9. More than thirty days before the institution of this lawsuit, Francisco Alvarez filed a charge with the Commission, Charge No. 490-2020-00578, alleging Defendants violated Title VII.

10. On July 7, 2022, the Commission issued to Supreme Staffing a Letter of Determination finding reasonable cause to believe Supreme Staffing violated Title VII and inviting Supreme Staffing to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Supreme Staffing to provide Supreme Staffing the opportunity to remedy the discriminatory practices described in the Letters of Determination.

12. The Commission could not secure from Supreme Staffing an acceptable conciliation agreement.

13. On August 22, 2022, the Commission issued to Defendant Supreme Staffing a Notice of Failure of Conciliation advising it that the Commission could not secure a conciliation agreement acceptable to the Commission from Defendant Supreme Staffing.

14. On April 19, 2023, the Commission issued a Letter of Determination to Defendant Aaron Thomas finding reasonable cause to believe Defendant Aaron Thomas violated Title VII and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

15. The Commission engaged in communications with Defendant Aaron Thomas to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

16. The Commission was unable to secure from Defendant Aaron Thomas a conciliation agreement acceptable to the Commission.

17. On May 17, 2023, the Commission issued a Notice of Failure of Conciliation to Defendant Aaron Thomas.

18. More than 30 days before the institution of this lawsuit, Alvarez filed a charge with the Commission, Charge No. 490-2019-00801, alleging Supreme violated Title VII.

19. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### Count I

**Defendants Aaron Thomas and Supreme Staffing Discriminated Against African American Applicants and Employees in Selection, Referral, and Placement**

20. Since at least on or around January 2018, Defendants Aaron Thomas and Supreme Staffing engaged in unlawful employment practices at its Memphis, Tennessee facilities in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

21. The unlawful employment practices include an ongoing pattern or practice by Defendants of failing to hire, select, refer, or place African American applicants into positions at Defendant's client companies because of their race.

22. Defendant Aaron Thomas staffs its facilities with workers it obtains from temporary staffing agencies.

23. Defendant Aaron Thomas used Supreme Staffing, one of the staffing agencies, to staff workers at its warehouse.

24. Francisco Alvarez is a former account supervisor for Defendant Supreme Staffing.

25. In January 2020, Defendant Supreme Staffing tasked Alvarez with placing workers at Defendant Aaron Thomas' Memphis, Tennessee facilities.

26. While working the account, Alvarez learned Defendant Aaron Thomas preferred to place Hispanic applicants over African American applicants and Defendant Supreme Staffing complied with its client Defendant Aaron Thomas' request.

27. Alvarez complained about Defendant Aaron Thomas' discriminatory requests that Defendant Supreme Staffing place only Hispanics with its company.

28. Yet, nothing was done, and Defendant Aaron Thomas continued to prefer Hispanic applicants over African American applicants.

29. Hiring data (individual's hire date, race/ethnicity, name, and home address, assignment detail, client's name, start date, job title, and the individual's assigned worksite), reveals Defendant selected, referred, placed, and assigned Hispanic applicants and employees to clients at a disproportionately higher rate than African American applicants.

30. Hiring data also reveals a statistically significant shortfall of African American workers because Defendants selected, referred, and placed African American workers at a disproportionately lower rate than Hispanic workers.

31. Tandria Labranch and Samantha Kelly are a few members of the group of aggrieved individuals affected by Defendants unlawful employment practices.

32. Their experiences provide examples of discriminatory treatment that illustrate the pattern of unlawful conduct alleged in this Count.

33. Tandria Labranch, African American, was referred to work at Defendant Aaron Thomas' Memphis facilities in 2018.

34. Labranch, however, recalls arriving to the warehouse many times and Defendant Aaron Thomas turning her away because there was "no more work."

35. Labranch saw Defendant Aaron Thomas allowing Hispanic workers inside the building to work after they turned her away.

36. Tyrus Braddox, Black, applied for employment with Defendant Supreme Staffing around 2019, seeking work as a forklift operator because he was certified to operate a forklift.

37. Defendant Supreme Staffing told Braddox that it had no openings.

38. After Defendant Supreme Staffing told Braddox no openings existed, Braddox watched a "Mexican" walk in and ask about a forklift job; the "Mexican" received a job.

39. Samantha Kelly, African American, worked for Defendant Supreme Staffing in 2021 and 2022.

40. Kelly witnessed racism while assigned to Defendant Aaron Thomas' facilities.

41. Kelly overheard a "Lead" worker for Defendant Aaron Thomas routinely make it clear that she did not want African Americans on her line.

42. Kelly also witnessed African Americans assigned to lower skilled jobs.

43. There is a statistically significant shortfall of African American employees at Defendant Aaron Thomas' warehouse.

44. Statistical evidence reveals that Hispanic workers are overrepresented when compared to the Memphis labor market.

45. The effect of the practices complained of in Paragraphs 20 through 44 affected the terms of African Americans' employment as they were denied job opportunities because of their race.

46. The unlawful employment practices described above disproportionately exclude African American employees from employment and constitute a pattern or practice of discrimination against African American employees based on race.

47. The effect of the practices complained of in the above Paragraphs 20 through 44 has been to deprive a group of aggrieved individuals, consisting of African American applicants and employees, of equal employment opportunities and otherwise adversely affect their status as applicants and employees because of their race.

48. The unlawful employment practices complained of in the Paragraphs 20 through 44 above were and are intentional.

49. The unlawful employment practices complained of in the Paragraphs 20 through 44 above were and are done with malice or with reckless indifference to the federally protected rights of the aggrieved individuals.

## Count II

**Defendants Aaron Thomas and Supreme Staffing Discriminated Against African American Employees by Segregating Them and Placing them in Less Desirable and Lower-Paying Positions**

50. Since at least January 2018, Defendants Aaron Thomas and Supreme Staffing engaged in unlawful employment practices at its locations in Memphis, Tennessee in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and Title I of the Civil Rights Act of 1991.

51. The unlawful employment practices include an ongoing pattern or practice by Defendants of segregating African American employees by placing them into less desirable and lower-paying positions at Defendant Aaron Thomas because of their race.

52. Defendant Aaron Thomas operates a warehouse in Memphis where it packages snack foods, nutritional supplements, and organic food.

53. Defendant Aaron Thomas staffs its warehouse with workers it obtains from, among other staffing agencies, Defendant Supreme Staffing.

54. Francisco Alvarez is a former account supervisor for Defendant Supreme Staffing.

55. In January 2020, Defendant Supreme Staffing tasked Alvarez with placing workers at Defendant Aaron Thomas' Memphis, Tennessee facilities.

56. While working the account, Alvarez learned Defendant Supreme Staffing at the insistence of Defendant Aaron Thomas preferred to place Hispanic applicants over African American applicants.

57. Defendant Supreme Staffing complied with Defendant Aaron Thomas' requests.

58. Alvarez complained about Defendant Aaron Thomas' discriminatory requests that Defendant Supreme Staffing place only Hispanics with its company.

59. Yet, nothing was done, and Defendant Aaron Thomas continued to prefer Hispanic applicants over African American applicants.

60. When comparing to the racial/ethnic demographics of workers in the same occupation groups in the Memphis metropolitan area, Defendant Aaron Thomas hired fewer non-Hispanic workers for 'Hand Laborers, Material Movers, Production Helpers, and Packaging and Filling Machine Operators and Tenders', 'Assemblers and Fabricators', 'Inspectors, Testers,

Sorters, Samplers, and Weighers', 'Janitors and Building Cleaners', 'Material Recording Clerks', and 'Grounds Maintenance Workers' positions.

61. Alan Humphreys, Jhamel Ivory, Jetaime Wiggins, and Dominique Sharp are members of the group of aggrieved individuals affected by Defendant Aaron Thomas' unlawful employment practice.

62. Their experiences provide examples of discriminatory treatment that illustrate the pattern of unlawful conduct alleged in this Count.

63. Alan Humphreys, African American, worked for Defendant Supreme Staffing in 2019.

64. Defendant Supreme Staffing originally assigned Humphreys to a forklift operator position.

65. When Humphreys arrived at Defendant Aaron Thomas' facility, Defendant Aaron Thomas assigned him to a lesser paying job as line worker.

66. Jhamel Ivory, African American, worked for Defendant Supreme Staffing in 2021.

67. Defendant Supreme Staffing originally assigned Ivory to a forklift position.

68. When Ivory arrived at Defendant Aaron Thomas' location, Defendant Aaron Thomas reassigned him to a material handler position.

69. Defendant Aaron Thomas told Ivory that he was reassigned because there were no forklift positions available.

70. Ivory witnessed Defendant Aaron Thomas giving a Hispanic worker the forklift position.

71. Jetaime Wiggins, African American, also worked for Defendant Supreme Staffing.

72. Wiggins contends Defendant Aaron Thomas routinely separated Hispanic employees from African American employees and gave the less desirable tasks to African American employees

73. Wiggins recalls a team lead at Defendant Aaron Thomas' warehouse once yelling out, "you African American mother fuckers can go home if you don't want to do the work I want."

74. Dominique Sharp, African American female, worked for Defendant Aaron Thomas in 2021.

75. While there, Sharp noticed African American employees were treated worse than Hispanic employees.

76. African American employees were often written up for minute offenses, while Hispanic employees were not.

77. Similarly, African American leads were made to "work the line," whereas Hispanic leads were not required to ever "work the line."

78. Black employees knew Defendant Aaron Thomas did not allow African Americans to make boxes in the front, repack boxes, mash boxes, or feed them into the machines.

79. Rather, Defendant Aaron Thomas segregated employees and mostly allowed African American employees to work on the line bagging chips and cookies where the lines had to keep moving.

80. There is statistically significant evidence that shows African Americans' assignments were limited to certain positions.

81. The effect of the practices complained of in Paragraphs 50 through 80 affected the terms of African Americans' employment as they were unlawfully segregated because of their race.

82. The unlawful employment practices described above in Paragraphs 50 through 80 disproportionately exclude African American employees from equal employment and constitute a pattern or practice of discrimination against African American employees based on race.

83. The effect of the practices complained of in the above Paragraphs 50 through 80 has been to deprive a group of aggrieved individuals, consisting of African American applicants and employees, of equal employment opportunities and otherwise adversely affect their status as applicants and employees because of their race.

84. The unlawful employment practices complained of in the above Paragraphs 50 through 80 were and are intentional.

85. The unlawful employment practices complained of in the above Paragraphs 50 through 80 were and are done with malice or with reckless indifference to the federally protected rights of the aggrieved individuals.

## Count III

**Defendants Aaron Thomas and Supreme Staffing Discriminated Against African American Employees by Terminating them because of their Race**

86. Since at least January 2018, Defendants Aaron Thomas and Supreme Staffing engaged in unlawful employment practices at its locations in Memphis, Tennessee in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and Title I of the Civil Rights Act of 1991.

87. The unlawful employment practices include an ongoing pattern or practice of terminating African Americans at a disproportionally higher rate than non-African American employees because of their race.

88. The contractual agreement between Defendants Aaron Thomas and Supreme Staffing gave both entities the ability to assign, fire, direct, supervise performance and discipline employees.

a. The contractual agreement provided that Defendant Aaron Thomas would directly supervise all work performed by Defendant Supreme Staffing employees.

b. The contractual agreement provided that prior authorization from Defendant Supreme Staffing was required before an assignment agreed upon could be changed.

c. Sometimes Defendant Aaron Thomas requested to interview and approve Defendant Supreme Staffing employees before placement to ensure employees were the right fit for Defendant Aaron Thomas.

89. Statistical evidence shows that between 2017 and 2020, Respondent terminated 63% of African Americans compared to only 35% of Hispanics and 2% of Whites.

90. Rodrick Glover, Stephanie Barnes, and Sherrica and Shakira Lamar are members of the group of aggrieved individuals affected by Defendants unlawful employment practices.

91. Their experiences provide examples of discriminatory treatment that illustrate the pattern of unlawful conduct alleged in this Count.

92. Rodrick Glover, African American, worked for Defendant Aaron Thomas in 2021.

93. Glover recalls that on his first day at the facility, he overheard someone he assumed to be a supervisor fussing about how, "they hired all these African American people."

94. On a separate occasion, Glover recalls someone he believed to be a supervisor or team lead complaining about, "niggers, these niggers."

95. Glover also witnessed Defendant Aaron Thomas terminating African American workers who returned from a break allegedly smelling of marijuana but not terminating a Hispanic worker who committed the same offense.

96. Stephanie Barnes, African American, worked with Defendant Aaron Thomas for one day before Defendant told her she was no longer needed.

97. Defendant Aaron Thomas terminated Sherrica and Shakira Lamar when they had to leave work because of a medical emergency.

98. Defendant Aaron Thomas assured Shakira Lamar that they could return to work after the medical emergency.

99. But when Shakira Lamar attempted to return to work, Defendant Aaron Thomas denied them employment.

100. Samantha Kelly worked for Defendant Aaron Thomas in 2021 and 2022.

101. When Kelly was about to be rolled over, which means she had worked long enough or almost long enough to be hired directly by Defendant Aaron Thomas.

102. Defendant Aaron Thomas, however, said it was not ready to roll her over; it wanted her to learn everything.

103. Kelly witnessed many of Hispanics roll over.

104. Yet, instead of hiring her, Defendant Aaron Thomas ended her assignment without warning or reason.

105. There is statistically significant evidence that shows African Americans were terminated at a significantly higher rate than non-African Americans.

106. The effect of the practices complained of in Paragraphs 86 through 105 affected the terms of African Americans' employment as they were unlawfully terminated because of their race.

107. The unlawful employment practices described above disproportionately exclude African American employees from equal employment and constitute a pattern or practice of discrimination against African American employees based on race.

108. The effect of the practices complained of in the above Paragraphs 86 through 105 has been to deprive a group of aggrieved individuals, consisting of African American applicants and employees, of equal employment opportunities and otherwise adversely affected their status as employees because of their race.

109. The unlawful employment practices complained of in the above Paragraphs 86 through 105 were and are intentional.

110. The unlawful employment practices complained of in the above Paragraphs 86 through 105 were and are done with malice or with reckless indifference to the federally protected rights of the aggrieved individuals.

**PRAYER FOR RELIEF**

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendants Aaron Thomas and Supreme Staffing, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from discriminating against African American candidates for employment and current African American workers because of their race.

B. Order Defendants Aaron Thomas and Supreme Staffing to institute and carry out policies, practices, and programs which provide equal employment opportunities for all aggrieved

individuals, and which eradicate the effects of their past and present unlawful employment practices.

  C. Order Defendants Aaron Thomas and Supreme Staffing to make whole all aggrieved individuals by providing appropriate backpay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to, reinstatement or awarding them front pay.

  D. Order Defendants Aaron Thomas and Supreme Staffing to make whole all aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

  E. Order Defendants Aaron Thomas and Supreme Staffing to make whole all aggrieved individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain and suffering, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order Defendants Aaron Thomas and Supreme Staffing to pay all aggrieved individuals punitive damages for their malicious and reckless conduct, as described in the paragraphs above, in amounts to be determined at trial.

  G. Require Defendants Aaron Thomas and Supreme Staffing, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them to maintain all employment records required by law.

H.	Grant such further relief as the Court deems necessary and proper in the public interest.

I.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730
faye.williams@eeoc.gov

AMY BLACK
Assistant Regional Attorney
TN Bar No. 016102
amy.black@eeoc.gov

*/s/ Roslyn Griffin Pack*
ROSLYN GRIFFIN PACK
Trial Attorney
MS Bar No. 103317
roslyn.griffin-pack@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN 38104
(901) 701-6445

<u>*/s/ Gary Sullivan*</u>
GARY SULLIVAN
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

MARYNA JACKSON
Trial Attorney
AR Bar No. 2009111
maryna.jackson@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
(501) 900-6153