IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br>   ) <br>   Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> AARON THOMAS COMPANY, INC., ) <br> and SUPREME STAFFING LLC ) <br>   ) <br>   Defendants. ) | Civil Action No. 2:23-cv-02599-JPM-tmp <br><br> JURY DEMAND |

**DEFENDANT SUPREME STAFFING'S
BRIEF IN OPPOSITION TO MOTION TO CONSOLIDATE**

**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendant Supreme Staffing LLC*

**I.      THE EEOC'S (NOW) THREE LAWSUITS AGAINST SUPREME STAFFING**

Francisco Alvarez previously worked for Supreme Staffing, "a staffing company." (Amended Complaint, Doc. 16, ¶ 4.) On April 11 2019, Mr. Alvarez filed a charge and named Supreme Staffing. (*See* Charge, 27-1, PageID 104.) In his Charge, Mr. Alvarez, a Hispanic Male, alleged discrimination based on his National Origin and retaliation. (*See id*.) He alleged this discrimination and retaliation to have taken place between July 1, 2018, and March 22, 2019. (*See id*.) Mr. Alvarez did not allege his (or any) discrimination to be occurring on a continuing basis; he did not check that box. He likewise did not file his Charge on behalf of other individuals or other groups of individuals, and he did not file his Charge against other entities, such as any company affiliated with Supreme Staffing nor any client of Supreme Staffing.

**A.      The EEOC sued Supreme Staffing for Race discrimination in 2022.**

On September 29, 2022, the EEOC sued Supreme Staffing and two of its affiliate companies, Better Placements Personnel LLC and Inspire Hotel Staffing. The lawsuit is pending here in the Western District, Civil Action Number 2-22-cv-2668-SHL-tmp. The operative complaint from the lawsuit, the "2668 Lawsuit," appears at Document 27-2.

Like this lawsuit, the 2668 Lawsuit arises out of Mr. Alvarez's Charge, according to the EEOC. (2668 Operative Complaint, Doc. 27-2, ¶ 11; Amended Complaint, Doc. 16, ¶ 9.) Like this lawsuit, the 2668 Lawsuit alleges Title VII Race discrimination (Black/African American). (2668 Operative Complaint, p.1 ("unlawful employment practices based on race"); Amended Complaint, p.1 ("unlawful employment practices based on race").) Like this lawsuit, the 2668 Lawsuit seeks relief on behalf of an alleged class of current and former Black applicants and employees. (*See, e.g.*, 2668 Operative Complaint, ¶ 60 ("Aggrieved Individuals, consisting of Black applicants and employees"); Amended Complaint, ¶ 47 ("aggrieved individuals, consisting of African American applicants and employees").)

4875-9008-5538

The 2668 Lawsuit has been pending since September 2022. The defendants, including Supreme Staffing, moved to dismiss it—first in 2022 (*see* 2-22-cv-2668, Doc. 15) and again in 2023 in response to the EEOC filing an amended complaint (*id*., Doc. 45). The court denied the defendants' motion in August 2023. (*Id*., Doc. 52.) The defendants then moved the court to reconsider or, in the alternative, certify questions for interlocutory appeal. (*Id*. Doc. 66.) That motion remains pending. Also pending in the 2668 Lawsuit are substantive disputes regarding discovery (*id*., Docs. 32-35) and even whether the proceeding should be bifurcated in whole or in part (*id*., Docs. 56, 60, 61, 65).

**B.    The EEOC sued Supreme Staffing for a second time in 2023.**

On August 15, 2023, the EEOC again sued Supreme Staffing. The lawsuit is pending here in the Western District, Civil Action Number 2:23-cv-02507-SHL-tmp. The operative complaint from the lawsuit, the "2507 Lawsuit," appears at Document 27-3. Like this lawsuit, the 2507 Lawsuit arises out of Mr. Alvarez's Charge, according to the EEOC. (2507 Operative Complaint, Doc. 27-3, ¶ 8; Amended Complaint, Doc. 16, ¶ 9.) Unlike this lawsuit, the 2507 Lawsuit brings retaliation claims on Mr. Alvarez's behalf (but not any claim of National Origin discrimination). The 2507 Lawsuit does not make claims on behalf of current and former Black applicants and employees. The EEOC, in short, decided to split Mr. Alvarez's claims into a separate lawsuit. It has provided no reason or justification for this decision.

**C.    In this lawsuit, the third lawsuit, the EEOC sues Supreme Staffing for the same Race discrimination alleged in the first lawsuit.**

On September 21, 2023, one year after filing the 2668 Lawsuit, the EEOC filed this lawsuit. Like the two earlier lawsuits, this lawsuit arises out of Mr. Alvarez's Charge, according to the EEOC. (Amended Complaint, Doc. 16, ¶ 9.) Like the 2668 Lawsuit, this lawsuit alleges Title VII Race discrimination (Black/African American). (Amended Complaint, Doc. 16, p.1

("unlawful employment practices based on race").) Like the 2668 Lawsuit, this lawsuit seeks relief on behalf of an alleged class of current and former Black applicants and employees. (*See, e.g.*, Amended Complaint, ¶ 47 ("aggrieved individuals, consisting of African American applicants and employees").)

On the whole, the allegations against Supreme Staffing in this lawsuit and the 2668 Lawsuit are substantively the same.[1] This lawsuit then pleads three counts of Race discrimination. Count I (failure to hire) and Count II (failure to place) are identical to Counts I and II in the 2668 Lawsuit.[2,3] Count III (termination) is not pleaded in the 2668 Lawsuit.[4] It likewise is not pleaded against Supreme Staffing in this lawsuit. Count III, although *alleged* against Supreme Staffing, contains no factual allegation pleaded as to Supreme Staffing. (*See* Amended Complaint, pp. 12-15.)

## II. RELEVANT PROCEDURAL HISTORY IN THIS LAWSUIT

On December 11, 2023, Supreme Staffing filed its Motion to Dismiss (Doc. 27). Relying in relevant part on the EEOC's claim splitting, the Motion seeks dismissal of Supreme Staffing from this lawsuit. In response to Supreme Staffing's Motion to Dismiss, on January 4, 2024, the

---

[1] *Compare* 2668 Operative Complaint, ¶ 59 ("The unlawful employment practices described above disproportionately exclude Black employees from employment and constitute a pattern or practice of discrimination against Black employees based on race.") *with* Amended Complaint, ¶ 46 ("The unlawful employment practices described above disproportionately exclude African American employees from employment and constitute a pattern or practice of discrimination against African American employees based on race.); *compare also* ¶ 41 *with* AC, ¶ 30; ¶ 20 *with* AC, ¶ 21; ¶ 39 *with* AC, ¶ 29; ¶ 40 *with* AC, ¶ 60.

[2] *Compare* 2668 Operative Complaint, Count I, ¶ 20 ("failing to select, refer, and/or place Black applicants") *with* Amended Complaint, Count I, ¶ 21 ("failing to hire, select, refer, or place African American applicants").

[3] *Compare* 2668 Operative Complaint, Count II, ¶ 64 ("assigning Black employees into less desirable and lower-paying positions") *with* Amended Complaint, Count II, ¶ 51 ("segregating African American employees by placing them into less desirable and lower-paying positions").

[4] The 2668 lawsuit, however, contains similar "adverse action" allegations. (*See* 2668 Operative Complaint, ¶ 71 ("adversely affect their status as employees because of their race").)

EEOC filed this Motion to Consolidate. (*See, e.g.*, Motion to Consolidate, Doc. 33, PageID 189-90 (relying on Supreme Staffing's Motion to Dismiss).) "The Commission's Motion for Consolidation is the appropriate vehicle to avoid duplication and minimize the depletion of scarce judicial resources," the EEOC would tell the Court four days later when it responded to Supreme Staffing's Motion to Dismiss. (Response to Motion Dismiss, Doc. 35, PageID 204, n.25.) The EEOC had never before raised any consolidation concern nor sought to consolidate any one of its three lawsuits against Supreme Staffing, not in whole or in part. Before filing the 2507 Lawsuit, moreover, the EEOC did not first seek to add any new defendant or claim to the 2668 Lawsuit, the first lawsuit filed against Supreme Staffing. The same is true for this lawsuit; before filing this lawsuit, the EEOC did not first seek to add any new defendant or claim to the 2668 Lawsuit. It only seeks to do so now—to consolidate—in response to Supreme Staffing's Motion to Dismiss, particularly Supreme Staffing's reliance on the claim-splitting doctrine.

### III.   ARGUMENTS & AUTHORITIES

#### A.   Dismissal of Supreme Staffing from this lawsuit is the appropriate remedy for claim splitting, not consolidation.

The EEOC has engaged in claim splitting as to Supreme Staffing. It does not dispute this, nor could it. There are (now) three separate lawsuits against Supreme Staffing. All arise out of a single charge of discrimination, according to the EEOC, a single administrative determination by the EEOC, and a single attempt to conciliate with Supreme Staffing. In an effort to end-run Supreme Staffing's Motion to Dismiss, the EEOC filed this Motion.

Although this situation appears to be rare, a party end-running a claim-splitting motion to dismiss by moving to consolidate, the courts that have squarely confronted the situation appear consistent in ruling that dismissal is the appropriate remedy, not consolidating. *See Hueter v. Kruse*, 2021 WL 5238763, at *8 (D. Haw. Nov. 10, 2021) (dismissing and rejecting request to

consolidate where "instant action is a claim-splitting maneuver"); *Leftwich v. Cnty. of Dakota*, 2019 WL 13241669, at *4 (D. Minn. May 29, 2019) ("In other words, Defendants oppose consolidation for the same reasons that support their motion to dismiss: that the cases should not be consolidated because Leftwich II should be dismissed. This is a valid, non-estopped justification to oppose consolidation."); *Clayton v. D.C.*, 36 F. Supp. 3d 91, 96 (D.D.C. 2014) ("Thus, because Clayton I and Clayton II are duplicative actions, Clayton's Motion to Consolidate will be denied and Clayton II will be dismissed."); *Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *9 (C.D. Cal. June 21, 2012) ("The Court would heed . . . admonitions that courts must be vigilant in deterring plaintiffs who attempt to split claims between multiple suits in order to evade procedural rules. The Court would not "reward" [the plaintiff] with consolidation . . . . The Court would therefore GRANT Defendant's Motion to Dismiss."); *Ervin v. Kelly*, 2010 WL 2985675, at *1 (W.D. Wash. July 23, 2010) (granting motion to dismiss where "Defendants filed a motion to dismiss the complaint in this action on the grounds that it is a successive/duplicative suit, Ervin has engaged in impermissible claim splitting . . . Ervin responded stating that Defendants' motion should be denied and the cases consolidated"); *see also Penley v. NPC Int'l Inc.*, 2014 WL 12634409 at *1 (W.D. Tenn. Mar. 26, 2014) ("Counsel for Plaintiffs' regrettable decision cannot be cured through consolidation. [Plaintiffs] cite no precedent indicating that multiple distinct lawsuits may be combined and reshuffled in the manner they desire.").

The EEOC does not cite any contrary authority, and it does not otherwise analyze the issue. The EEOC has engaged in claim splitting as to Supreme Staffing. Dismissal of Supreme Staffing from this lawsuit is the appropriate remedy for the EEOC's claim splitting, not consolidation.

B.  **The EEOC has not met its burden for consolidating its claims against Aaron Thomas in this lawsuit with its claims against Supreme Staffing in the 2668 Lawsuit.**

Rule 42(a)(2) provides courts with the discretion to consolidate actions that involve a common question of law and fact. Of late, Rule 42 is read "more expansively," resulting in three common ways in which a case may be consolidated:

1. When all except one of several actions are stayed until one is tried, in which case, the judgment in the one trial is conclusive as to the others. This is not actually a consolidation but sometimes is referred to as such.

2. When **several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered**. An illustration of this is the situation in which several actions are pending between the same parties stating claims that might have been set out originally as separate counts in one complaint.

3. When several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment. This type of consolidation does not merge the suits into a single action, or cause the parties to one action to be parties to another.

*In re Air Crash at Lexington, KY, August 27, 2006*, 251 F.R.D. 258, 260 (E.D. Ky. 2008) (emphasis added).

The EEOC, with this Motion, seeks to combine this lawsuit with the 2668 Lawsuit such that they become a single action in which a single judgment is rendered. This is evident from the language used in the Motion. The two lawsuits, the EEOC argues, "require the same witnesses and evidence," and consolidation will allow "the parties to depose the witnesses and compile evidence across one consolidated action rather than two actions." (Motion, Doc. 33, PageID 191.) Consolidation, the EEOC continues, "will eliminate the risk of inconsistent adjudications" (*id.*), and a "failure to consolidate these matters could result in inconsistent results regarding the same matter" (*id.*, PageID 189). The same matter—that is what the EEOC is asking in its Motion, to consolidate its claims against Aaron Thomas into the same matter as its claims against

Supreme Staffing. The Court, Supreme Staffing submits, should not merge the EEOC's claims against Aaron Thomas with the first lawsuit filed against Supreme Staffing, the 2668 Lawsuit. The EEOC's Motion should be denied.

The EEOC's claims against Aaron Thomas are separate from its claims against Supreme Staffing. The EEOC's claims against Aaron Thomas do not arise from any charge of discrimination filed against Supreme Staffing. As pleaded, they arise from a charge of discrimination filed against Aaron Thomas. (Amended Complaint, ¶ 14.) They do not arise from any investigation into Supreme Staffing or determination as to Supreme Staffing. As pleaded, they arise from an investigation into Aaron Thomas and a determination as to Aaron Thomas. (*Id.*, ¶¶ 15-18). They were not part of any conciliation attempt with Supreme Staffing. As pleaded, they were part of a conciliation attempt with Aaron Thomas. (*Id.*) The EEOC's claims against Aaron Thomas are separate from its claims against Supreme Staffing.

Nevertheless, in an effort to tie them together, the EEOC relies on *Ashe v. Kroger Ltd. P'ship I*, 2022 WL 17741707 (W.D. Tenn. Dec. 16, 2022). (Response, PageID 186.) *Ashe*, however, is distinguishable from the cases at hand. There, the parties *consented to consolidation*. *Ashe*, 2022 WL 17741707, at *1. *Ashe*, moreover, was the result of "a mass shooting that occurred at [a] Kroger store in Collierville, Tennessee, on September 23, 2021." *Id*. The lawsuits at issue in *Ashe* all arose from the shooting—a tragic, discrete incident in which all parties were present for the same horrifying period of time. Nothing about *Ashe* is comparable or relatable to this case. *Ashe* does not tie together the EEOC's claims against Supreme Staffing and its claims against Aaron Thomas, and the EEOC's reliance on it is misplaced.

So, too, is the EEOC's reliance on *Cook*. Like *Ashe*, in *Cook*, the parties *consented to consolidation*. *Cook v. Green Bankshares, Inc.*, 2011 WL 13227989 at *2 (E.D. Tenn. Aug. 11,

2011). Also like *Ashe*, the two cases in *Cook*, both Private Securities Litigation Reform Act cases, were based on the same literal transaction, with "virtually identically (sic) factual and legal issues." *Id*. at *1. That is not the case here. "Consolidation is not justified or required simply because actions *include* a common question of fact or law." *Innovation Ventures, L.L.C. v. Custom Nutrition Lab'ys, L.L.C.*, 451 F. Supp. 3d 769, 794 (E.D. Mich. 2020) (emphasis in original); *see also Butz v. Clayton*, 2016 WL 1253272, at *3 (E.D. Mich. Mar. 31, 2016) (denying consolidation because "even though both actions pertain in some way to jail conditions, the two cases involve distinct claims, and there is an additional party added in the second of the two cases"). And again, here, no party consents to consolidation.

Finally, the EEOC neither cites to nor provides any actual basis for claiming that the facts and witnesses will overlap for its claims against Supreme Staffing and its claims against Aaron Thomas. The only common thread between the two is Mr. Alvarez. He filed a charge of discrimination against Supreme Staffing, and he filed a charge of discrimination against Aaron Thomas. But neither this lawsuit nor the first lawsuit, the 2668 Lawsuit, makes any claim on his behalf, and neither seek any relief on his behalf. He, in turn, cannot serve as a basis for tying together the EEOC's claims against Supreme Staffing and its claims against Aaron Thomas. He has nothing to do with either. The EEOC provides no basis for claiming that the facts and witnesses will overlap for its claims against Supreme Staffing and its claims against Aaron Thomas.

The EEOC has not met its burden for consolidating its claims against Aaron Thomas in this lawsuit with its claims against Supreme Staffing in the 2668 Lawsuit. The EEOC's claims against Aaron Thomas are separate from its claims against Supreme Staffing. The 2668 Lawsuit and the EEOC's claims against Supreme Staffing have proceeded for nearly eighteen months. It

would prejudice those proceedings to add to them a new defendant and new claims. Prejudice that is reflected by the fact that the deadline for doing so passed nearly one year ago. (*See* 2668 Lawsuit Scheduling Order, Doc. 38-5, PageID 266.) And prejudice that is exacerbated by the fact that the new defendant/claims do not involve common questions of fact or law. Again, the EEOC neither cites to nor provides any actual basis for claiming overlap between the facts and witnesses. The EEOC has not met its burden for consolidating its claims against Aaron Thomas in this lawsuit with its claims against Supreme Staffing in the 2668 Lawsuit.

      **C.**      **The EEOC should not be free to reframe its arguments after the fact.**

On the face of its Motion, the EEOC wishes to merge its claims against Aaron Thomas into the 2668 Lawsuit, the first lawsuit filed against Supreme Staffing. Upon receiving Aaron Thomas's opposition (Doc. 38), the EEOC appears to want to change course, now suggesting that it actually does not intend to "merge" the two. (Motion for Leave to File, Doc. 40-2, PageID 333.) Pivoting in response to a defendant's opposition continues to be the EEOC's approach to litigation. In response to Supreme Staffing moving to dismiss this lawsuit for claim splitting, the EEOC moved to consolidate. In response to Aaron Thomas opposing the EEOC's attempt to consolidate separate cases, the EEOC appears to be pivoting again. This is not to fault a litigant for pivoting—except when, like here, it becomes gamesmanship.

If the EEOC wished to consolidate any claim or party with the 2668 Lawsuit, the senior case, it would have filed the request *in the senior case*. Pending for eighteen months, it is that case that would be most impacted by any consolidation. But the EEOC did not—it filed only in this case, the most junior of the three cases filed against Supreme Staffing, and only after Supreme Staffing moved to dismiss for claim splitting. The EEOC's Motion is an attempt to cure its claim splitting. Supreme Staffing submits that dismissal is the cure for claim splitting, not consolidation. As for Aaron Thomas, the EEOC has not met its burden for consolidating its

claims against Aaron Thomas in this lawsuit with its claims against Supreme Staffing in the 2668 Lawsuit. The Court should reject the EEOC's gamesmanship and deny this Motion.

## IV. CONCLUSION

Based on the foregoing arguments and authorities, Supreme Staffing requests that the Court deny the Motion to Consolidate. Supreme Staffing requests any additional relief the Court deems warranted under the circumstances.

Respectfully submitted, this, the 1st day of February, 2024.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendant Supreme Staffing LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

So certified, this, the 1st day of February, 2024.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**
