IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO. 2:23-cv-02599 JPM-tmp** |
| v. | ) ) | |
| | ) | **JURY DEMAND** |
| **AARON THOMAS COMPANY, INC and SUPREME STAFFING, LLC,** | ) ) ) | |
| **Defendants.** | ) ) | |

**REPLY IN SUPPORT OF CONSOLIDATION**

Plaintiff Equal Employment Opportunity Commission (the Commission) submits this Reply to show Aaron Thomas Company, Inc.'s (Aaron Thomas or Defendant) response in opposition to the Commission's Motion to Consolidate lacks merit. Contrary to Aaron Thomas' assertions, the Commission's position about the connection between this case and *Supreme I* has remained consistent. Section VIII of the Civil Cover Sheet in this action, Doc No. 1-1, asked the Commission to identify "related case(s) if any." *See* Doc. No. 1-1. The Commission listed both *Supreme I and Barrett* by providing the civil action numbers and the trial judge's name. *Id.* Aaron Thomas' claims to the contrary are misleading.

Similarly, as noted in the Commission's opening brief, the Court entered a Scheduling Order in *Supreme I*. That Order, however, is incomplete as it contains no discovery or trial deadlines. *See* Doc. No. 38-005. Instead, as shown on page 2 of the Order, the "Court will conduct an additional scheduling conference following a ruling on the scope of discovery." *See* Doc. No. 38-005. The Court has not yet ruled on the scope of discovery and the Court has entered no other

scheduling orders. Thus, Aaron Thomas' contention that *Supreme I* is governed by a "long-standing scheduling order, inclusive of deadlines related to a discovery plan," is untrue.

As outlined by the Commission in its opening brief, the fact that discovery has not yet started in *Supreme I* is a factor that supports consolidation. *Aaron Thomas* and *Supreme I* can proceed under a similar discovery timeline with no prejudice to either party.

Aaron Thomas's claims that consolidation is inappropriate because the Commission "alleges different aggrieved individuals between the two suits" is also disingenuous. The names referenced in the Commission's complaints represent a few members of larger groups of aggrieved individuals affected by the patterns-or-practices of discrimination alleged. In both *Supreme I* and *Aaron Thomas,* the Commission makes class allegations and states it seeks relief for "aggrieved individuals" who were harmed or adversely affected by Defendants' discriminatory actions. *See* Doc. Nos. 16 and 27-02. Again, Aaron Thomas's claims to the contrary are simply untrue.

Along with these factual inconsistencies, Aaron Thomas' attempt to distinguish *Tribble v. Isle Edge Trucking, Inc.*, No. 1:19-CV-136-TAV-CHS, 2019 WL 13195861, at *1 (E.D. Tenn. July 8, 2019), *Ashe v. Kroger Ltd. P'ship I,* and *Cook v. Green Bankshares, Inc.* falls short. As outlined in the Commission's opening brief, a central claim in *Supreme I* is whether Supreme failed to refer, select, place or assign African Americans to positions with Supreme's client companies. Aaron Thomas is a client company for Supreme and one of the client companies the Commission believes Supreme acted in concert with to discriminate against African Americans. Evidence and testimony from the same decision makers, recruiters, placement specialists, owners, and human resource specialists are relevant and necessary in both cases. Aaron Thomas' general assertion that there are "multiple different alleged events involving a range of alleged aggrieved individuals" is unexplained and unsupported by the basic facts of either case.

Finally, Aaron Thomas is not prejudiced by consolidation. Consolidation does not merge suits into a single cause, change the parties' rights, or make those who are parties in one suit parties in another. *See Penley v. NPC Int'l, Inc.*, No. 13-1031, 2014 WL 12634409, at *1 (W.D. Tenn. Mar. 26, 2014). Consolidation does not require identity of legal and factual issues. *See Clark v. Parker, No. 09-1152,* 2009 WL 3429748, at *2 (W.D. Tenn. Oct. 19, 2009). Rather, as long as there are some common questions of either law or fact, the Court has the flexibility under Rule 42 to consolidate.

The posture of both cases makes it clear that Aaron Thomas would not have to engage in a frantic game of catch-up. Rather, consolidation, as proposed by the Commission, would allow the two cases to continue to retain their separate identities, but operate on a similar discovery and trial track. As stated above, both Supreme and Aaron Thomas employ persons who have information relevant to both lawsuits. It is more economical and judicially efficient if the Court allow the parties to conduct discovery and obtain depositions from those witnesses at the same time. The same is true for potential claimants or persons who witnessed the alleged discrimination. It is more efficient and economical to conduct that discovery at the same time to avoid duplication of resources and reduce the amount of interference into the witnesses' time. Consolidation is appropriate for this added reason.

## **CONCLUSION**

The facts of these two cases support consolidation. Consolidating these two cases would effectively utilize judicial resources and would not prejudice any party. The Commission requests that the Court grant its motion.

                                                                          Respectfully submitted,

                                                                          FAYE A. WILLIAMS
                                                                          Regional Attorney

TN Bar No. 11730
faye.williams@eeoc.gov

MARKEISHA K. SAVAGE
Trial Attorney
TN Bar No. 24693
markeisha.savage@eeoc.gov

*/s/ Roslyn Griffin Pack*
ROSLYN GRIFFIN PACK
Trial Attorney
MS Bar No. 103317
roslyn.griffin-pack@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN 38103
(901) 701-6445

GARY SULLIVAN
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

MARYNA JACKSON
Trial Attorney
AR Bar No. 2009111
maryna.jackson@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
(501) 900-6153

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 2, 2024, a copy of the foregoing was filed electronically. Notice of this filing was sent through the Court's electronic filing system to all parties shown on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/*Roslyn Griffin Pack*
Roslyn Griffin Pack
