IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) AARON THOMAS COMPANY, INC. ) and SUPREME STAFFING LLC ) ) Defendants. ) | Civil Action No. 2:23-cv-02599-JPM-tmp JURY DEMAND |

**ORDER GRANTING DEFENDANT SUPREME STAFFING'S PROPOSED AEO ADDITION TO PROTECTIVE ORDER**

Before the Court is Defendant Supreme Staffing LLC's ("Supreme") Proposed AEO Addition to Protective Order, filed April 15, 2024. (ECF No. 86). Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a response on April 24, 2024. (ECF No. 88.)

Supreme's motion consists solely of the proposed addition. (ECF No. 86 at PageID 836-837.) It would authorize the Parties to designate "Protected Information," including information and communications that were the subject of later briefing in connection with Supreme's Emergency Motion for a Temporary Protective Order (ECF No. 56), as "Attorneys' Eyes Only," or "AEO," in the same manner by which the Parties may designate material as "Confidential." (ECF No. 86 at PageID 836.) Access to information so designated would be limited to only persons referred to in Paragraphs 8(c), 8(d), and 8(g)-(k) of the Protective Order. (Id. at PageID 836-837.)

Under Supreme's proposal, the definition of "Protected Information," as used in the Protective Order (ECF No. 81), would also expand to include "information and communications shared or exchanged between the EEOC and any individual the EEOC believed to be aggrieved." (ECF No. 86 at PageID 836.)

The EEOC cites Diamond Resorts U.S. Collection Dev., LLC v. Wesley Fin. Grp., LLC, which identified an AEO designation as the most restrictive possible protective order. No. 3:20-CV-251-DCLC-DCP, 2021 WL 8443797, at *6 (E.D. Tenn. July 20, 2021); (ECF No. 88 at PageID 841.) It confines dissemination only to the opposing counsel and other consultants/experts specified in the agreement. Diamond Resorts, 2021 WL 8443797 at *6. Courts generally only utilize such protective orders when especially sensitive information is at issue, or when the information is to be provided to a competitor. Id. The party seeking an AEO protective order must identify with sufficient particularity the harm it will suffer. Id. The EEOC therefore argues that the Court must deny Supreme's motion for failure to explain why an AEO designation is necessary. (ECF No. 88 at PageID 841.)

This argument misapplies the standard stated in the cited case. The court in Diamond Resorts addressed whether the party disclosing materials through discovery is entitled to have that specific material protected by an AEO designation. 2021 WL 8443797 at *2, *4. Its applicability to a general protective order that governs all discovery in the current action is tenuous at best. (ECF No. 81 at PageID 762.)

With this context, Supreme has explained in prior briefings the purpose of a protective order that generally allows for an AEO designation. The proposed instructions reference Supreme's Emergency Motion dated March 5, 2024. (ECF No. 56.) It sought to temporarily enjoin the EEOC's solicitation of Supreme employees to participate in this action via email, and

2

the EEOC's operation of a "survey" website to the same effect. (Id. at PageID 474-75.) In opposition to this motion, the EEOC argued that its communications with potential aggrieved individuals was protected by attorney-client privilege, common interest privilege, and attorney work-product privilege. (ECF No. 61 at PageID 507-508.) In its reply, Supreme argued that no privilege attached to the solicitations themselves, or alternatively that any such privilege had been waived. (ECF No. 67 at PageID 617-619.) The reply's last section argued that an AEO designation would work as an "initial approach" and offer a "backdrop" for the EEOC to disclose the recipients of any solicitation, the content of any survey, and the responses to any survey. (Id. at PageID 619.)

The EEOC acknowledges that this context informs the proposed expansion of "Protected Information" to include information about the EEOC's communications with potential aggrieved individuals. (ECF No. 88 at PageID 841.) It argues that when this Court denied the emergency motion, it held that any arguments about confidentiality and privilege as to the EEOC's survey or email lists were "not appropriately brought and resolved on a Motion for a Protective Order." (Id.; ECF No. 79 at PageID 752.)

The Court finds that the EEOC has completely inverted the significance of this holding. The Court merely held that whether and for how long it should have stayed the EEOC's solicitation was a separate issue from whether and with what conditions the details of this solicitation were subject to discovery. This is why the Court then acknowledged that the EEOC's lack of disclosure about the aggrieved individuals was a concern that "should instead be resolved on a Motion to Compel or a Motion to Dismiss." (Id.)

The EEOC acknowledges this part of the holding in a footnote. (ECF No. 88 at PageID 841, n. 2.) It then interprets that to mean that any modification to the Protective Order that could

3

enable the production of such information, like the option for an AEO designation, is better addressed in briefing on such a motion to compel or dismiss.  (Id.)

To the extent that the Court would consider the survey issue now, the EEOC alternatively reincorporates its argument as to privilege.  (Id. at PageID 842; See, e.g., ECF No. 61 at PageID 507-508.)  It further argues that initial disclosures render further access to confidential information improper at this time.  (ECF No. 88 at PageID 842; ECF No. 72-1 at PageID 670-683; ECF No. 72-2 at PageID 688-705.)  The EEOC also cites prior filings where it argued that such premature access is unnecessary because the EEOC will identify class members when federal rules so require.  (ECF No. 88 at PageID 840, n.1; ECF No. 75 at PageID 739.)

The Court finds that the EEOC's argument has created a false dichotomy.  It asks the Court to find either that: (1) it can only include an AEO designation in a Protective Order after a motion to compel production of such sensitive information is filed and granted; or (2) a preliminary analysis of the merits of such a motion suggests it would fail.  The Court chooses a third option.  It can anticipate that this action may involve Protected Information requiring such a designation, related to the EEOC's solicitation efforts or otherwise, and prepare for that with a Protective Order that provides for an AEO designation before it becomes necessary.

In choosing this option, the Court does not assess the merits of a future motion to compel such information.  Supreme's proposal reflects this.  It specifies that although the AEO designation covers material that falls under the expanded definition of "Protected Information," neither party concedes that such information is discoverable or admissible.  (ECF No. 86 at PageID 836.)  Conversely, should a party then claim the AEO designation, the non-designating party reserves the right to challenge it.  (Id.)  This preserves both issues – whether the EEOC must disclose information related to solicitation emails and surveys, and whether this disclosure is subject to an

AEO designation if so – for motions to compel further discovery responses, just as this Court previously held. (ECF No. 79 at PageID 752.)

Supreme's request to add the proposed language to the current Protective Order is **GRANTED**. Accordingly, Paragraph 1 of the Protective Order is amended to read:

> 1. Scope. "Protected Information" as used in this Order means (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets - as defined by the Uniform Trade Secrets Act § 1(4) (1985); (c) research, technical, commercial, business, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personnel or employment records of any individual who is not represented by the Commission; (f) financial account information, income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; <u>and (g) information and communications shared or exchanged between the EEOC and any individual the EEOC believed to be aggrieved</u>. Information or documents available to the public may not be designated as "CONFIDENTIAL."

(<u>See</u> ECF No. 81 at PageID 763.) A new Paragraph 10, following Paragraph 9 of the preexisting Protective Order, shall read:

> 10. The Parties shall have the right to further designate Protected Information as "Attorneys' Eyes Only," or "AEO," in the same manner and on the same terms as they may designate such information as "CONFIDENTIAL," except that the parties shall use "ATTORNEY'S EYES ONLY" instead of "CONFIDENTIALITY". Access to information so designated shall be limited to only the persons referred to in Paragraphs 8(c), 8(d), and 8(g)-(k) of this Protective Order.

Any reference to "CONFDENTIAL" in Paragraphs 11 and 14, currently Paragraphs 10 and 13 respectively, is amended to read "CONFIDENTIAL or AEO." (See <u>Id</u>. at PageID 767.)

**IT IS SO ORDERED**, this 2nd day of May, 2024.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE