```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION,                  ) <br>                               ) <br>     Plaintiff,               ) <br>                               ) <br> v.                            )   No. 23-cv-02599-JPM-tmp <br>                               ) <br> AARON THOMAS COMPANY, INC. and) <br> SUPREME STAFFING, LLC        ) <br>                               ) <br>     Defendants.              ) | |

**ORDER DENYING AARON THOMAS COMPANY, INC.'S MOTION TO COMPEL PLAINTIFF'S COMPLETE RULE 26(A)(1) DISCLOSURES**

Before the court is defendant Aaron Thomas Company, Inc's. ("ATC") Motion to Compel Plaintiff's Complete Rule 26(a)(1) Disclosures, filed on May 20, 2024. (ECF No. 91.) On June 3, 2024, defendant Supreme Staffing, LLC ("Supreme Staffing") filed a Response in Support & Joinder in Defendant ATC's Motions to Compel.[1] (ECF No. 97.) The Equal Employment Opportunity Commission ("EEOC") filed a response to ATC's motion on June 10, 2024, and a reply in opposition to Supreme Staffing's response in support and joinder in ATC's motion to compel on June 20, 2024. (ECF Nos. 100 & 109.) The motion was referred to the undersigned on June 21,

---

[1] ATC filed a second motion to compel for complete discovery responses. (ECF No. 92.) At the hearing held on July 23, 2024, the parties requested that the court hold that motion in abeyance, so the court will address that motion as appropriate at a later date.

2024. (ECF No. 110.) The court heard arguments from both parties at a hearing on July 23, 2024. The motion involves whether the EEOC sufficiently identified the eleven named claimants as required under Rule 26(a)(1) and the court's order amending the scheduling order, and whether the EEOC has provided a sufficient damages computation.

**A.   Identification of Claimants and Their Claims**

Regarding the identification of the claimants and their claims, counsel for Supreme Staffing argued that the EEOC failed to sufficiently identify the eleven named claimants and their claims. Specifically, Supreme Staffing claims that the EEOC was required to not only produce the information required under Rule 26(a)(1) but was also ordered by the presiding district judge to provide more detailed information related to their claims, including what happened to them that led the EEOC to proceed with the filing of this lawsuit on their behalf. The EEOC argues that it was not ordered by the district judge to produce anything beyond what is required under Rule 26(a)(1), and that it made the appropriate disclosures by April 19, 2024, as required by the amended scheduling order. (See ECF No. 84 at PageID 775.)

The amended scheduling order provides that the "EEOC is required to disclose the individual claims and exact damages calculations for each of the eleven (11) individuals named in the complaint." (Id.) This specific requirement is found in Phase 2 of

the initial disclosures pursuant to Rule 26(a)(1) rather than a standalone order to produce information beyond what is required by Rule 26(a)(1). Additionally, at the motion hearing held on April 8, 2024, before the district judge, the court heard similar arguments regarding what the EEOC was required to produce in its initial disclosures. (ECF No. 85.) In that hearing, Supreme Staffing argued that one of the issues is

> the threshold identification of the individuals on behalf of whom the EEOC is filing suit, and Supreme's position continues to be that the EEOC did its investigation. It identified the individuals that warranted the filing of a Section 706 lawsuit. And we think the EEOC should identify those individuals, identify what supposedly happened to them and when, and discovery begins with a focus on those individuals.

(Id. at PageID 787.) Supreme Staffing's contention at the time of the motion hearing was that because there was no confirmation that the eleven named individuals were represented by the EEOC or whether they were being offered "for anecdotal purposes or illustrative purposes," Supreme Staffing should not be required to produce its initial disclosures until the EEOC determines which claimants the EEOC will represent. The court explained that the EEOC at that time was not required to determine whether the eleven named individuals were going to be represented by the EEOC. (Id. at PageID 802-03.) Thus, for Phase 2, the EEOC and Supreme Staffing would only be required to produce initial disclosures on the named individuals while they are "participating in 26(a)(1) disclosures,

which is a substitute in part for subsequent discovery." (Id. at PageID 802–03, 806.)

After a review of the court's amended scheduling order in conjunction with the transcript, the undersigned finds that the EEOC has complied with Rule 26(a)(1) and the court's order. As an example, in the supplemental disclosures regarding the claimants served on April 19, 2024, the EEOC provided the following information for one of the eleven individuals:

>   1.  Tandria LaBranch
>       2942 Gulf Cove
>       Memphis, Tennessee 38114
>
> Ms. LaBranch is a class member in this lawsuit. She is a former Supreme Staffing and Aaron Thomas employee. It is likely [s]he [sic] will have knowledge of the allegations listed in the complaint including, but not limited to, Defendants' pattern and practice of discriminating against African Americans in placement, referral and selection as well as segregating them and placing them in less desirable and lower paying positions at Aaron Thomas' Memphis, Tennessee facilities. Ms. LaBranch also is likely to have information relevant to the damages the Commission seeks on her behalf.

(ECF No. 91-5 at PageID 930.) The disclosures for the other ten individuals contain similar language. These disclosures comply with Rule 26(a)(1) and the court's order by identifying the eleven claimants, providing contact information, and generally describing the claimants' relevant knowledge. In addition to this information, the EEOC provided a large number of documents in its initial disclosures that supposedly detail the claims in this

lawsuit. Finally, during the hearing, the undersigned noted that Supreme Staffing could obtain the facts and documents that form the basis for the EEOC's claims by serving discovery requests upon the EEOC, and counsel for Supreme Staffing agreed. Therefore, the motion to compel as to the identities and claims of the claimants is DENIED.

**B.  Computation of Damages**

Regarding the computation of damages, the issue raised in the motion was whether the EEOC provided a sufficient damages computation. The amended scheduling order provides that the EEOC is required "to disclose the individual claims and exact damages" for the eleven named individuals. (ECF No. 84 at PageID 775.) On April 19, 2024, the EEOC provided the following computation of damages:

> Pursuant to Rule 26(a)(1)(a)(iii), the Commission seeks back pay (including the value of insurance and other benefits and including interest), for the class of aggrieved individuals. The Commission will compute damages on a class-wide basis using a shortfall/pro rata method. Mister v. Illinois Cent. Gulf R. Co., 790 F. Supp. 1411, 1416 (S.D. Ill. 1992). The aggrieved individuals' back pay will be calculated using statistical evidence. Specifically, the Commission will use statistical evidence to calculate the number of Black workers Defendants should have hired, referred, selected, placed or retained, absent the unlawful discrimination. The Commission will then subtract that number from the number of Black people Defendants actually hired, referred, selected, placed or retained. This number constitutes the "shortfall. After the shortfall is determined, the Commission will use pay information that must be provided by Defendants, to calculate the amount of back pay wages, the Black workers

> would have earned if hired, referred, selected, placed or retained in proportion to their labor force availability. See E.E.O.C. v. Chicago Miniature Lamp Works, 640 F. Supp. 1291, 1298 (N.D. Ill. 1986) (see also, Kraszewski v. State Farm Gen. Ins. Co., No. CIV.A. C-70-1261 TEH, 1986 WL 11746, at *3 (N.D. Cal. July 17, 1986).
>
> The Commission also seeks punitive and compensatory damages for past and future pecuniary and non-pecuniary losses suffered by the aggrieved parties. The Commission's compensatory cap of damages, based on the number of employees each of the Defendants employ, is $300,000 per claimant. The Commission does not anticipate computing amounts regarding the non-pecuniary compensatory damages or punitive damages, because these amounts are not susceptible to precise calculation; a jury will make those computations if this matter proceeds to trial. However, the Commission expects to use the individual testimony of the aggrieved parties' description of how Defendants' discriminatory behavior affected them to aid the jury in making its determination.
>
> The Commission also seeks injunctive relief prohibiting Defendants' discriminatory conduct and requiring it to implement policies, practices and procedures to eradicate effects of their unlawful employment practices.

(ECF No. 91-5 at PageID 933–34.) At the hearing, the EEOC represented to the court that it did not intend on presenting evidence of individualized damages but will instead present a statistical model through a retained expert that would calculate gross, class-wide backpay with a pro-rata distribution. When asked to offer a position, Supreme Staffing explained that, if the EEOC is not planning on pursuing individualized damages, then it would not seek damages calculations based on individualized damages. Therefore, the EEOC is not required to provide damage calculations

for the eleven identified individuals since the EEOC is seeking damages strictly on a class-wide basis. Therefore, ATC's motion as to the damages computation is DENIED.

    IT IS SO ORDERED.

                                              <u>s/Tu M. Pham</u>
                                              TU M. PHAM
                                              Chief United States Magistrate Judge

                                              <u>July 25, 2024</u>
                                              Date