# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) **Plaintiff,** ) ) ) **v.** ) ) **AARON THOMAS COMPANY, INC.,** ) **and SUPREME STAFFING LLC** ) ) **Defendants.** ) | Civil Action No. 2:23-cv-02599-JPM-tmp  JURY DEMAND |

## SUPREME STAFFING'S RESPONSE IN OPPOSITION
## TO THE EEOC'S MOTION TO COMPEL

This Motion (Doc. 125) is premature. The Motion was not preceded by any good-faith meeting or discussion between the Parties. The EEOC does not claim otherwise. By its own admission, the EEOC filed the Motion following exchanges regarding Supreme Staffing's[1] Motion for Protective Order. (*See* Certificate of Consultation, Doc. 125-1, PageID 1334-35.) The EEOC, moreover, did not advise Supreme Staffing that it was going to file the Motion, and the EEOC did not seek to discuss with Supreme Staffing the substance of this Motion before it was filed. This Motion is premature. It should be denied without prejudice.

This Motion is also premature given the EEOC has not shared information regarding the individuals on behalf of whom it seeks relief and, by its own admission, will not do so voluntarily. The EEOC confirmed as much during the July 23 hearing. The EEOC is in possession of this information, but will only provide it in response to formal discovery. That is fine. Supreme Staffing

---

[1] Defendant Supreme Staffing LLC.

4873-5512-5976

has started that process. As of this filing, however, Supreme Staffing does not yet have the information. The information is critical to this Motion. It, for example, is needed to argue relevancy, scope, and proportionality of written discovery. Like in any case, discovery is based on the actual claims being litigated. We do not yet know the nature of those claims, much less specifics. The EEOC knows, but it will not tell, at least not voluntarily. In the meantime, while Supreme Staffing works to learn this information, this Motion is premature. It should be denied without prejudice.

Finally, as to the Motion's merits, they are lacking. The EEOC has not met its burden to sustain the broad relief in the Motion. The Motion, to be sure, does not seek specific relief. It seeks a general discovery ruling that everything the EEOC seeks in written discovery is proper, and that every objection Supreme Staffing asserts is overruled. "The Commission asks this Court to compel Supreme to fully respond to the EEOC's interrogatories and requests for production within 14 days." (Motion, Doc. 125, PageID 1332.) The EEOC has not shown what it must to sustain this broad relief, and it takes no time or care to ask for any specific relief. The EEOC has not met its burden. The Motion should be denied in full.

Respectfully submitted, this, the 12th day of August 2024.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**EMMA J. REDDEN**
Tennessee Bar No. 33501
eredden@bakerdonelson.com

**MARY KATHERINE SMITH**

Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendant Supreme Staffing*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This, the 12th day of August 2024.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**