**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| **Plaintiff,** | ) **Civil Action No. 2:23-cv-02599-JPM** ) |
| **v.** | ) ) |
| **AARON THOMAS COMPANY, INC. and SUPREME STAFFING, LLC,** | ) ) ) |
| **Defendants.** | ) ) |

---

**CONSENT DECREE**

---

Before the Court is Plaintiff's and Defendant Aaron Thomas Company's Motion to Enter Consent Decree.  (ECF No. 149.)  With their Motion, the parties submitted a Proposed Consent Decree (ECF No. 149-1) and an attached Memorandum in Support.  (ECF No. 149-2.)  Because the Court determines the "decree is 'fair, adequate, and reasonable, as well as consistent with the public interest,'" the parties' Motion is **GRANTED**.  (See id. at PageID 1477 (quoting United States v. Lexington-Fayette Urban Cty. Gov't, 591 F.3d 484, 489 (6th Cir. 2010) (citing United States v. Cty. of Muskegon, 298 F.3d 569, 580–81 (6th Cir. 2002)).)

## I.        BACKGROUND

The Commission filed this lawsuit under Title VII of the Civil Rights Act of 1964 against Supreme Staffing, LLC ("Supreme") and Aaron Thomas Company, Inc. ("ATC") on September 21, 2023, and filed a First Amended Complaint on October 26, 2023 ("Lawsuit"). The Commission alleged ATC and Supreme, acting as joint employers, failed to hire, refer, select, place, or assign

African American applicants for positions at its warehouse facilities in Memphis, Tennessee, and that Defendants further discriminated against African American workers by segregating workers based on race and placing them into less desirable and lower paying positions or terminated them at a disproportionately higher rate because of race. ATC denies the Commission's allegations, and nothing in this Decree shall be construed or interpreted that ATC admits any of the Commission's allegations or that ATC committed any acts of alleged unlawful discrimination.

The Commission and ATC (collectively the "Settling Parties") engaged in good-faith negotiations and now consent to entry of this Consent Decree ("Decree") to resolve this Lawsuit and the Charge of Discrimination filed by Francisco Alvarez, Charge No. 490-2020-00578 ("Charge"), as described below in Section III, with respect to ATC and avoid the expense of continued litigation.

The Settling Parties stipulate that the terms of this Decree are fair, reasonable, and adequate.

This Decree represents the final and complete agreement between the Settling Parties regarding both the resolution of the Commission's claims against ATC and the Charge.

If the Court does not approve this Decree, the Settling Parties agree that this Decree will be of no force or effect.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court APPROVES the Decree and FINDS as follows:

## II.   JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this action.

### III.    LOCATION AND DURATION OF THIS DECREE

This Decree and all obligations here shall only apply to ATC's Memphis, Tennessee facilities and will remain effective for two years from the date of its entry by this Court.

### IV.    ISSUES RESOLVED

A.    This Decree resolves all issues and claims arising from the Charge.

B.    This Decree resolves all issues and claims arising from the Commission's claims against ATC in the Lawsuit.

### V.    INJUNCTIVE RELIEF

A.    ATC shall not request that staffing agencies impose additional qualifications on Black applicants for employment or placement at any ATC facility.

B.    ATC shall not make any requests to staffing agencies based on race or national origin and requests based on language ability must be consistent with business necessity.

### VI.    ANTI-DISCRIMINATION POLICY

Within 60 days following entry of this Decree, ATC will create and adopt an anti-discrimination policy ("Policy") for temporary workers, including Supreme temporary workers. The Policy shall include, at a minimum, the following:

1) a statement that ATC does not condone unlawful discrimination in any form;

2) an explanation of prohibited conduct under the Policy, including an explanation of the complaint process temporary workers should follow to report alleged discriminatory behavior by ATC employees to ATC; and

3) a statement that ATC expressly prohibits all forms of discrimination prohibited by Title VII, and that such prohibition applies to temporary workers placed at ATC facilities.

## VII.   POLICY DISTRIBUTION

Within 60 days following entry of this Decree, ATC shall distribute the Policy to the employees it directly employs and to all staffing agencies it uses for temporary workers, including Supreme, with instruction that the Policy must be distributed to all temporary workers placed at ATC and all staffing agency onsite managers who work at ATC.

## VIII.   RECRUITMENT PLAN

A.      Within 60 days following entry of this Decree, ATC shall create and adopt a Recruitment Plan to increase the selection, placement, and retention of Black applicants, employees, and temporary workers for consideration into all of ATC's job openings.

B.      The recruitment plan shall include, at a minimum, the following:

1) ensuring all communications to ATC's staffing agencies emphasize all positions are open regardless of race, national origin, sex, and disability; and

2) a statement that ATC requires all staffing agencies to refer qualified individuals for positions with ATC without regard to race or national origin.

C.      ATC must provide a copy of its Recruitment Plan within 60 days of entry of this Decree to the Commission.

## IX.   TRAINING

A.      ATC will conduct an annual training program on race discrimination ("Training") for all ATC managerial employees working at its Memphis, Tennessee facilities during the duration of the Decree to deter any unlawful discrimination in its workplace.

B.      ATC will provide the Training materials in English and Spanish.

C.      The Training required in the preceding paragraphs will be conducted by an attorney, a certified Society for Human Resource Management professional, or a similarly qualified trainer.

4

D.     The Training session for the first year will occur within 90 days of entry of this Decree.

E.     The Training session must last at least one hour.

F.      The Training must consist of, among other things, the following:

    1)  discussion of the history of Title VII of the Civil Rights Act of 1964;

    2)  discussion of what conduct constitutes race discrimination;

    3)  a detailed discussion of ATC's Policy against discrimination;

    4)  discussion of ATC's procedures and responsibilities for reporting, investigating, and remedying race discrimination and retaliation; and

    5)  review of ATC's anti-retaliation policy.

## X.     MONETARY RELIEF

A.     ATC shall pay a total of $450,000 ("Settlement Amount") in compensatory damages to resolve the Commission's claims against ATC in this Lawsuit and the Charge, including all claims raised by the Commission on behalf of alleged aggrieved individuals ("Class Members"), including, but not limited to, the 52 Class Members identified in the EEOC's Supplemental Claimant Disclosures dated September 16, 2024.

B.     The Commission shall have sole discretion to determine eligibility and designation of the Class Members, characterization, and allocation of the Settlement Amount as well as to determine who is a Class Member.

C.     ATC will maintain a Class Fund from which it will make settlement payments.

D.     Within 30 business days of this Court's entry of this Decree, ATC shall deposit an initial payment of $300,000 into the Class Fund, and within 6 months of the date of the initial payment, ATC shall deposit the remaining $150,000 of the Settlement Amount into the Class Fund.

E.     Within 30 business days from entry of the Decree, ATC shall provide the Commission with written verification of the funding/creation of an account for the Class Fund.

F.     The entire Settlement Amount must be deposited in an interest-bearing account and shall be in full satisfaction and release of all claims contained in the Charge and the Lawsuit, including all distributions to the Class Members.

G.     Within 30 business days following the entry of this Decree, the Commission shall notify all Class Members of their interest in this matter. The Commission shall send each Class Member a release of any claims of race discrimination arising under Title VII against ATC (the "Release"). The Release is attached and made a part of this Decree as Appendix A.

H.     The Commission will provide a list of the Class Members' names, addresses, and each Class Member's settlement payment (the "Distribution List") to ATC within 30 days following entry of the Decree.

I.     The Class Fund shall be distributed solely to the Class Members who have executed the Release attached as Appendix A and returned the Release to the Commission within 150 days from entry of the Decree.

J.     No Class Member may receive payment under this Decree until a signed Release, Appendix A, has been received by ATC.

K.     The Commission will provide fully executed releases to ATC within 30 days of receipt.

L.     If a Class Member dies before execution of the Release, the Commission may obtain a Release from an executor appointed by a court or a person who has legal authority over the Class Member's estate and such individual submits the Release within 150 days of entry of the Decree by the Court.

M.      Beginning 30 business days after receipt of the Distribution List, ATC shall forward, via certified mail, a check to each of the Class Members who has executed a Release, returned it to the Commission, and it has been received by ATC as set forth above, in accordance with the information contained in the Distribution List.  All settlement amounts constitute 100% compensatory damages under the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The settlement checks will remain negotiable for 150 days after their issuance date.

N.      ATC shall prepare and distribute an IRS Form 1099 for the compensatory damages payments and shall make the appropriate reports to the Internal Revenue Service.

O.      Within 30 business days of the mailing of each settlement check, ATC shall submit or email a complete list of checks, check numbers, and amounts tendered to each Class Member to the Commission via electronic mail to: EEOC-MEDO-decree monitoring@eeoc.gov or to an updated address as set forth in the Notices and Other Communication section below.

P.      Within 150 days after the mailing of each settlement check (or at such later time as may be agreed upon by the parties), ATC will notify the Commission of returned checks or checks not cashed.  After 150 days from the mailing of each settlement check (or at such later time as may be agreed upon by the parties), ATC will direct any remaining funds to the Memphis Urban League.

Q.      All late payments of checks shall be subject to accrual of interest pursuant to 28 U.S.C. § 1961, unless the delay is caused by problems not created by ATC.

## XI.     RECORDKEEPING

During the duration of this Decree, ATC agrees to collect, retain, and provide to the Commission, within 15 business days of a written request, and no more than twice per 12-month period, the following information:

7

1.      the temporary workers placed at ATC;

2.      whether those temporary workers were selected for employment at ATC;

3.      the positions/jobs in which ATC placed the temporary workers;

4.      when ATC hired or placed the temporary workers;

5.      the status of those temporary workers after the passage of 90 days;

6.      a list of all temporary workers who made a formal written complaint  about discrimination in placement, referral, or selection; the steps ATC took to investigate the complaint(s); and

7.      a copy of ATC's response to the complaint(s).

## XII.   REPORTING

ATC must provide the Commission with three (3) semi-annual reports during the duration of the Decree. The report shall contain the following:

1)  Certification that ATC distributed the Policy listed in Section V in accordance with Section VI and include a list of staffing agencies to whom the Policy was distributed;

2)  Certification that ATC conducted the Training listed in Section VIII;

3)  A copy of the Training materials; and

4)  A roster showing the names of the employees who attended the Training.

## XIII.  MONITORING

The Commission shall have the right to monitor and review compliance with this Decree. ATC will cooperate with the Commission in any review function as it relates to this Decree. The Commission shall have the right to inspect ATC's premises upon notice of five business days to ensure the notice to employees (Appendix B) remains posted.

## XIV.   EFFORTS

ATC will reach out to Operation Hope and the Memphis Urban League about positions at ATC.

## XV.   NOTICE

A.      Within 30 days of the Effective Date and, throughout the duration of this Decree, ATC must post the Notice to Employees attached as Appendix B at its Memphis, Tennessee locations.

B.      The Notice must be placed in a clearly visible location frequented by its employees (i.e., break rooms or bulletin boards with other employees' notices) at ATC's Memphis, Tennessee facilities. The Notice shall be in language understandable to all employees, including in English and Spanish. The Notice shall remain posted during the term of this Decree.

## XVI.   ENFORCEMENT

A.      If the Commission determines ATC violated the Decree, the Commission must provide ATC with written notice of such violation and ATC shall have a period of 45 calendar days from receipt of the notice to object to the Commission's assertion that there was a violation of the Decree and/or cure the alleged violation.

B.      If, after the 45-day period has expired, the Commission believes that ATC violated the Decree and failed to cure the alleged violation, the Commission may petition this Court for relief.  After hearing from all parties, relief found to be warranted by the Court may include further permanent or temporary injunctions, monetary relief, costs, or penalties for contempt of court.

## XVII. SEVERABILITY

If one or more provisions of this Decree are rendered unlawful or unenforceable for any reason, the Parties shall make good-faith efforts to agree upon appropriate amendments to the

Decree to enforce the purposes of the Decree. If the parties cannot reach an agreement, the Court shall order appropriate alternative provisions to implement the purposes of the Decree. Should one or more provisions of this Decree be considered unlawful, all other lawful and enforceable provisions will remain in effect.

## XVIII.      NOTIFICATION OF SUCCESSORS

Prior to any sale of ATC's Memphis, Tennessee facilities during the duration of this Decree, ATC shall provide written notice and a copy of this Decree to any potential purchaser of ATC's Memphis, Tennessee facilities, to a purchaser of all or a substantial portion of the assets of ATC's Memphis, Tennessee facilities, or to any other potential successor. Any surviving entities that exist upon completion of any merger or consolidation will remain fully liable for compliance with this Decree at all offices, branches or business operations of ATC's Memphis, Tennessee facilities that are continued in operation. Subsequent to any merger or consolidation, ATC shall not be responsible if any surviving entity fails to comply with this Decree.

## XIX.   COSTS AND EXPENSES

The parties to and beneficiaries of this Decree must bear their own costs, attorney fees, and expenses arising from this Lawsuit.

## XX.    NOTICES AND OTHER COMMUNICATION

All notices, certifications, reports, or other communications that this Decree requires the parties to exchange must be in writing and transmitted as follows:

1.      To the Commission, via electronic mail to: EEOC-MEDO-decree monitoring@eeoc.gov.

2.      To ATC via email to: Emiko Bacon at ebacon@packaging.com with a cc: to Matthew G. Gallagher at: mgallagher@littler.com.

3.      Any Party may change the contact information by written notice to the other Party setting forth the new information.

4.      Information about the Commission issuing a Form 1098-F by the Internal Revenue Code is contained in Appendix C of this Consent Decree.

All claims asserted in the Lawsuit against ATC are hereby dismissed with prejudice subject only to the terms and conditions of this Consent Decree.

**IT IS SO ORDERED** this 27th day of September, 2024.

/s/ Jon P. McCalla
_____
JON P. McCALLA
**UNITED STATES DISTRICT JUDGE**

Approved and agreed to by:

| Attorneys for Aaron Thomas Company, LLC | Attorneys for the EEOC |
|---|---|
| Matthew G. Gallagher<br>TN Bar No. 027242<br>mgallagher@littler.com | FAYE A. WILLIAMS<br>Regional Attorney<br>TN Bar No. 11730<br>faye.williams@eeoc.gov |
| _s/ Amber Isom-Thompson_<br>Amber Isom-Thompson<br>TN Bar No. 021210<br>aisomthompson@littler.com | MARKEISHA K. SAVAGE<br>Trial Attorney<br>TN Bar No. 24693<br>markeisha.savage@eeoc.gov |
| Kaitlyn A. Hansen<br>TN Bar No. 037021<br>khansen@littler.com | _/s/ Roslyn Griffin Pack_<br>ROSLYN GRIFFIN PACK<br>Trial Attorney<br>MS Bar No. 103317<br>roslyn.griffin-pack@eeoc.gov |
| Sean P. O'Brien<br>TN Bar No. 037608<br>sobrien@littler.com | |
| LITTLER MENDELSON, P.C. | EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION |

| | |
|---|---|
| One Commerce Square<br>40 South Main Street, Suite 2500<br>Memphis, TN 38103<br>Telephone: 901.795.6695<br>Facsimile: 901.881.4333 | Memphis District Office<br>200 Jefferson Avenue, Suite 1400<br>Memphis, TN 38103<br>(901) 701-6445<br><br>GARY SULLIVAN<br>Assistant Regional Attorney<br>AR Bar No. 92051<br>gary.sullivan@eeoc.gov<br><br>MARYNA JACKSON<br>Trial Attorney<br>AR Bar No. 2009111<br>maryna.jackson@eeoc.gov<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>820 Louisiana St., Suite 200<br>Little Rock, AR 72201<br>(501) 900-6153 |

**APPENDIX A**

**RELEASE**

In consideration for $\underline{\hspace{2cm}}$ paid to me by Aaron Thomas Company, Inc., in connection with the resolution of *EEOC v. Aaron Thomas Company, Inc., and Supreme Staffing, LLC*, Civil Action No. 2:23-cv-02599-JPM, filed in the Western District of Tennessee, Western Division ("Lawsuit"), and EEOC Charge No. 490-2020-00578, I waive and release my right to recover for any claims of race discrimination arising under Title VII of the Civil Rights Act of 1964, that I had against Aaron Thomas Company, Inc. prior to the date of this Release and that were included in the Lawsuit.  I understand that I am responsible for any taxes associated with this payment.

I have read this Release and I execute it voluntarily, without coercion or threat of reprisal.

This Release is signed and executed by me this:

$\underline{\hspace{3cm}}$ day of $\underline{\hspace{3cm}}$, 2024.

$\underline{\hspace{6cm}}$
NAME

**APPENDIX B**



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Memphis District Office

200 Jefferson Ave, Suite 1400
Memphis, TN  38103
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Memphis Direct Dial:  (901) 685-4590
FAX (901) 544-0111
Website:  www.eeoc.gov

## <u>NOTICE TO ALL EMPLOYEES</u>

1.      Discrimination based on race violates Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability with respect to terms of employment. It is also unlawful under Title VII to retaliate against any applicant or employee who opposes a practice made unlawful under federal law, or files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

2.      Aaron Thomas Company does not tolerate or condone race discrimination or retaliation against any employee or applicant for employment.

3.      If you believe you have been discriminated against in violation of federal law, please contact Aaron Thomas Company, at 1-800-669-4000 or EEOC at:

Equal Employment Opportunity Commission
200 Jefferson Avenue, Suite 1400
Memphis, TN  38103
Telephone:  1-800-669-4000
TTY (901) 544-0112
Website:  www.eeoc.gov

This Notice shall remain posted by Aaron Thomas Company, for three years from the date signed below and must not be altered, defaced, removed, or covered by any materials.

SIGNED this _____ day of _____, 2024.


_____
Director/President
Aaron Thomas Company, Inc.

14

**APPENDIX C**

**EEOC's reporting requirements under IRC Sections 162(f) and 6050X.**

The EEOC may have to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC needs to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1. Within 10 business days of the signing of this agreement, [Respondent/Employer] agrees to provide, through the EEOC Respondent Portal, 1) the Respondent/Employer's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of the [respondent/employer/].

2. The EEOC has made no representations about whether the amount paid by this settlement qualifies for the deduction under the Internal Revenue Code.

3. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4. Any decision about a deduction by the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid under this agreement qualify for a deduction under the Internal Revenue Code.