# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | CIVIL ACTION NO. 2:23-cv-02599 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge McCalla/tmp |
| ) | |
| AARON THOMAS COMPANY, INC., ) | Jury Trial Demand |
| and ) | |
| SUPREME STAFFING, LLC ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND A JUDGMENT UNDER FED. R. CIV. P. 59(e)**

Plaintiff Equal Employment Opportunity Commission's (EEOC or Commission) asks this Court to reconsider the September 12, 2024 Order (Doc. No. 146) granting Defendant Supreme Staffing, LLC (Supreme's) Motion to Dismiss the First Amended Complaint (FAC). The Commission asks the Court to reverse its dismissal of the Commission's termination claim against Supreme and consolidate the sole remaining claim in this lawsuit with *EEOC v. Supreme Staffing, LLC,* et al. Civil Action No. 2:22cv02668 (Supreme I). The Commission seeks reconsideration because the Court's Order dismissing the alleged termination claim was based on a clear error of law about the Commission's statutory authority. The Court's Order also constituted an improper inquiry into the sufficiency of the Commission's administrative investigation. Further, there is a need to prevent manifest injustice.

1

I.      **Procedural History**

The Court is familiar with the procedural history of this case. Francisco Alvarez (Alvarez), a former Account Supervisor for Supreme, filed three charges of discrimination based on conduct he witnessed while employed at Supreme. The Commission conducted separate investigations into each of Alvarez's charges of discrimination and, after finding reasonable cause to believe violations of the law occurred, attempted to conciliate the matters, failed the conciliations on the three separate charges, and then filed three lawsuits.

On December 11, 2023, Supreme moved to dismiss, alleging among other things, the Court should dismiss the Commission's allegations based on claim splitting. *See* Doc. No. 28, PageID 143. On September 12, 2024, this Court granted Supreme's Motion. *See* Doc. No. 146. In its ruling, the Court dismissed Claims I and II of the Commission's FAC, "failure to hire and failure to place," "because these claims could have been litigated in the two previous cases and share a common identity, the claim splitting doctrine precludes the Complaint in this case." *Id.* at PageID 1452. This Court also held Claim III, which alleges, "Defendants Aaron Thomas (ATC) and Supreme Staffing Discriminated Against African American Employees by Terminating them because of their Race" in the FAC "meets the standard for 'could have been litigated' because a claim for termination based on race against ATC and Supreme could have been uncovered via 'reasonable investigation' in Barrett." *Id.*

For the reasons outlined below, the Commission moves for reconsideration of the dismissal of Claim III only.

**II. Standard of Review**

"Rule [59] gives a district court the chance to rectify its own mistakes in the period immediately following its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020), quoting, *White*

2

*v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), may be granted where there is: "(1) a clear error of law; (2) newly discovered *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 at 508, quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1, pp. 163–164 (3d ed. 2012).

### III. Legal Argument

**The Court Erroneously Assessed the Sufficiency of the Commission's Investigation**

The Court's dismissal of Claim III of the FAC, the termination claims, was based on an error of law. In dismissing the Commission's termination claims, this Court found the Commission engaged in claim splitting because "a claim for termination based on race against ATC and Supreme could have been uncovered via 'reasonable investigation' in Barrett." *See* Doc. No. 146, PageID 1452. The Court's finding improperly assessed the sufficiency of the Commission's investigation as it evaluated what the Commission could have, or should have, discovered during its administrative investigation. *See EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984.)

In *Keco*, the Sixth Circuit held, "the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of th[e] Agency…it is inappropriate for a district court to inquire into the sufficiency of the Commission's investigation. *Id.* Moreover, while the EEOC may expand its administrative investigations to inquire into incidents reasonably expected to grow out of initial charges of discrimination, additional and distinct charges of

3

discrimination require *separate* investigations, reasonable cause determinations, and conciliation efforts. *Id.* at 1101.

In light of *Keco,* the Commission submits the Court's Order contravenes congressional mandates regarding the scope of an EEOC administrative investigation as well as limitations on judicial review of Commission findings.

### i.     The sufficiency of the EEOC's administrative investigation is not subject to judicial review.

The nature and extent of an EEOC investigation into a discrimination claim is a matter within the agency's discretion. *Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984).

The purpose of the EEOC's investigation of a discrimination charge is to determine whether there is a basis for the charge. *Id.* The EEOC is not required or permitted to discover, investigate, and expand its investigations to include *all* conceivable allegations that *could* exist. Rather, "all that is necessary for sufficient investigation is that EEOC determine there is reasonable cause for a charge: the determination by EEOC provides notice to the employer of the new charge and provides the basis for conciliation proceedings." *E.E.O.C. v. New Breed Logistics,* No. 10-2696-STA-tmp, 2013 WL 1404926, at *4 (W.D. Tenn. Apr. 5, 2013).

The District Court exceeded its limited scope of review when it analyzed what the EEOC should have discovered during the Barrett investigation involving an individual retaliation and national origin charge before the EEOC. When the Court held all of the Commission's claims became "ripe during the Barrett investigation," (*see* Doc. No. 146 PageId 1450) because a "reasonable investigation" in Barrett "would lead to uncovering facts on ATC and Supreme's involvement," it exceeded its limited scope of review.

4

"That line of inquiry would deflect the efforts of both the Court and the parties from the main purpose of this litigation: to determine whether [Supreme] has actually violated Title VII." *See E.E.O.C. v. Keco Industries, Inc.,* 748 F.2d 1097, 1100 (6th Cir.1984).

### ii. The allegations in Barrett and ATC are separate and distinct and necessitated separate investigations.

The District Court misapplied Sixth Circuit law that "Claim III" (the termination claims) meets the standard for 'could have been litigated' because a claim for termination based on race against ATC and Supreme could have been uncovered via 'reasonable investigation' in Barrett." *See* Doc No. 146 PageID 1452. And ignored the congressional authority delegated to the Commission.

Almost 50 years ago, the Sixth Circuit addressed the Commission's investigatory authority in *EEOC v. Bailey Co.*, 563 F.2d 439 (6th Cir. 1977), disapproved of on other grounds by *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412 (1978), a case alleging race and religious discrimination. There, Ms. Wade, a White female, initially filed a charge of sex discrimination. Later, Ms. Wade amended the charge to "add allegations that the company in general failed to promote females to supervisory positions because of their sex, that the company failed to pay equally qualified females the same wages as males," and that the company failed "to recruit and hire [Black] females because of their race." *Id.* at 442. The EEOC investigated the sex and race allegations and found no evidence of sex discrimination. The EEOC uncovered, however, evidence of race discrimination and found that company admitted that it had failed to hire a qualified male applicant because of his religion. After unsuccessful conciliation efforts, the EEOC sued for racial and religious discrimination.

The district court held Ms. Wade's charge of sex discrimination could not support the EEOC's lawsuit for race and religious discrimination because Ms. Wade, a White female, lacked

5

standing. The Sixth Circuit agreed with the district court that it lacked jurisdiction over the religious claim but based its agreement on another ground. The Sixth Circuit found "[t]he portion of the EEOC's complaint incorporating allegations of religious discrimination exceeded the scope of the EEOC investigation of [Bailey] reasonably expected to grow out of Mrs. Wade's charge of sex and race discrimination."

The Sixth Circuit explained, "[t]he clearly stated rule in this Circuit is that the EEOC's complaint is 'limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.'" *Bailey*, 563 F.2d at 446, citing *Tipler v. E. I. duPont deNemours & Co.*, 443 F.2d 125, 131 (6th Cir. 1971); *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1363 (6th Cir. 1975), *cert. denied*, 423 U.S. 994 (1976). The Court noted this is the same rule in other circuits. *Id.*

The Court rejected EEOC's argument "that the allegations of religious discrimination were within the scope of an EEOC investigation reasonably related to Mrs. Wade's charge of sex discrimination because the "facts" of religious discrimination emerged during a legitimate investigation of sex discrimination." *Id.* at 448. The Court went even further and explained, "[w]e would apply this holding on the issue of religious discrimination to that of race discrimination were it not for the fact that Mrs. Wade amended her charge to allege that [Bailey] discriminated against black females. Absent the amendment to Mrs. Wade's charge, the EEOC allegations of race discrimination, based on evidence uncovered during the EEOC investigation, were even more unrelated to Mrs. Wade's charge of sex discrimination." *Id.* at 450.

Clarifying further, the Court noted, "[u]nder the EEOC's theory, investigation of one form of employment discrimination can always be said to have reasonably expected to grow out of a charge of another form of employment discrimination. We do not subscribe to that theory

6

because for the purposes of Title VII, forms of employment discrimination involving race, religion, sex, and national origin are not so related." *Id.* at 451.

The Court outlined the procedure that EEOC must follow when "instances of discrimination, of a kind other than that raised by a charge filed by an individual party and unrelated to the individual party, come to the EEOC's attention during the course of an investigation of the private party's charge. A member of the EEOC must file the charge and allow for a full EEOC investigation of that charge." *Id.* at 448. The Court explained the rationale for a member of the Commission to file such a charge is so that the employer will receive notice of the allegation, receive an opportunity to participate in the investigation and conciliation, if the EEOC issues a reasonable cause finding. Further, the Court held, "the filing of a charge will permit settlement discussions to take place pursuant to 29 C.F.R. § 1601.19a after a preliminary investigation but before any finding of reasonable cause." *Id.*

In sum, even if the Commission had discovered claims against ATC while investigating Alvarez's charge, Title VII requires one of the Commissioners of the EEOC to file a Commissioner's charge against ATC, give ATC notice, and allow ATC to participate in the investigation and an opportunity to engage in conciliation.

The Sixth Circuit clarified, "to allow the EEOC, as it did in the present case, to issue a reasonable cause determination, to conciliate, and to sue on allegations of religious discrimination unrelated to the private party's charge of sex discrimination would result in undue violence to the legal process that Congress established to achieve equal employment opportunities in this country." *Id. at* 448.

It is true the Commission learned Alvarez worked on ATC's account during its investigation into Alvarez's allegations against Barrett*,* Charge No. 490-2019-01594. That charge

7

however, concerned Alvarez's individual charge of discrimination against Barrett. Unlike the allegations in this lawsuit, Alvarez's individual charge against Barrett alleged only that Barrett discriminated against him because of his national origin, Hispanic, and because Alvarez complained of race discrimination at Barrett. The Barrett Charge did not state any class allegations against ATC, a separate, and unnamed entity in that charge. Applying the Sixth Circuit's analysis from *Bailey,* the EEOC's pattern or practice race claims would not reasonably have been expected to grow from Alvarez's individual claims of retaliatory discharge based on protected conduct and national origin.

Thus, even if the Commission wanted to expand its investigation to include discriminatory conduct occurring at ATC, it could not have done so without another independent charge of discrimination. *See Equal Emp. Opportunity Comm'n v. Southeast Food Servs. Co., LLC,* No. 3:16-MC-46-TAV-hbg, 2017 WL 1155040, at *3 (E.D. Tenn. Mar. 27, 2017), report and recommendation adopted, No. 3:16-MC-46-TAV-hbg, 2017 WL 2728422 (E.D. Tenn. June 23, 2017) ("The Commission's decision to expand its investigation does not statutorily expand its investigative power.")(*see also*, *E.E.O.C. v. Royal Caribbean Cruises,* Ltd., 771 F.3d 757, 762 (11th Cir. 2014)(the Commission cannot use the investigation of an individual charge of discrimination to bypass the filing of a Commissioner or independent charge of discrimination).

Allegations ATC discriminated against Blacks as a class were separate and distinct from Mr. Alvarez's individual allegations contained in his charge filed against Barrett. And, as outlined in *Bailey,* the appropriate procedure when dealing with discrete acts of discrimination is to file an independent charge related to the discrete act(s). Alvarez's timely charge of discrimination against ATC based on information he learned while working on the ATC account complied with that mandate. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, (2002)(The existence of past

8

acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.).

An administrative charge of discrimination is not equivalent to a legal complaint. *EEOC v. Shell Oil Co.,* 466 U.S. 54, 68 (1984). The Commission must have a valid Charge to begin investigating discrimination allegations. *Id.* The Commission lacked legal authority to investigate discriminatory practices at ATC without first having an independent charge of discrimination against ATC. The EEOC must give employers timely notice of the allegations lodged against them and an opportunity to participate in the investigation of those charges. *Shell Oil* at 74 (employers must receive fair notice claims of discrimination were made against them and the EEOC plans to investigate). The Commission lacked a legitimate basis to investigate allegations of discrimination against ATC until Alvarez filed his Charge against ATC. Thus, the allegations about Supreme's conduct, as a joint employer with ATC, were not ripe until that investigation was complete.

Further, the Commission did not discover the identities of the five people referenced in the FAC, Rodrick Glover, Stephanie Barnes, Sherrica Lamar, Shakira Lamar, and Samantha Kelly, until it investigated Alvarez's allegations against ATC. *See* Docket No. 100-005, Interview Notes from the ATC Investigative File. As the investigative file shows, the EEOC interviewed the following witnesses:

- Rodrick Glover interviewed November 18, 2022;
- Stephanie Barnes interviewed November 30, 2022;
- Sherrica Lamar interviewed October 31, 2022;
- Shakira Lamar interviewed November 17, 2022;
- Samantha Kelly interviewed October 31, 2022.

9

These interviews occurred more than two months after the Barrett investigation concluded. *See* Case 2:23-cv-02507, ECF No. 1, ¶9, and more than a month after the Barrett conciliation efforts failed. *Id.* at ¶12.

And although the Commission filed the Barrett litigation and the ATC litigation within months of each other, the Commission is the master of its complaint. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 280, (2002); *see also, Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 543 (6th Cir. 2006). The Commission was not required, nor should it be, to combine separate and distinct lawsuits — an individual retaliation lawsuit involving one person's allegations against a single employer, with pattern or practice litigation about class-wide discrimination, by a separate employer, against Blacks. Congress did not intend to place such unreasonable restraints on the Commission's litigation authority. If this Court does not reconsider and reverse its Order, it holds the Commission to the impossible standard of litigating vastly different claims in a single lawsuit simply because the allegations arise from the same set of facts. Courts routinely reject this scenario when denying motions to consolidate. *See Bell v. Willis,* No. 1:07-CV-212, 2007 WL 4338135, at *1 (E.D. Tenn. Dec. 10, 2007)(finding where each action was based on different and distinct transactions, it was inappropriate to consolidate the litigation). To do so would lead to confusion or prejudice in the management and trial of the case. *Id.*

Such would have been the case if the EEOC attempted to litigate the Barrett and ATC lawsuits together. As outlined above, the Barrett litigation involved a separate and distinct legal theory asserted in the ATC litigation. Barrett involved a single individual retaliation claim on behalf of a Hispanic employee. ATC involves a pattern or practice, class wide discrimination allegations on behalf of Blacks. The cases are dissimilar. It is also why, when the Commission requested consolidation (Doc. No. 32), it requested that the Court consolidate the ATC litigation

with Civil Action No. Case 2:22-cv-02668 (Supreme I).[1] The termination claim in this lawsuit is analogous to the claims in *Supreme I* and appear more appropriate for merging.

The Commission asks the Court to reconsider and reverse its order granting Supreme's Motion to Dismiss on Claim III and its denial of the Commission's motion to consolidate for these additional reasons.

### iii. The Court's Order dismissing the Commission's termination claim and denying the Commission's Motion to Consolidate is manifestly unjust.

Manifest injustice is proven when the moving party can establish a fundamental flaw in the court's decision, that if not corrected, will lead to an inequitable result not in line with public policy. *See McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04–2667 B, 2007 WL 2084277, at *2 (W.D.Tenn. July 17, 2007).

As illustrated herein, the Court's order dismissing Claim III of the Commission's lawsuit was based on a fundamental misunderstanding of the Commission's investigative authority and contrary to prevailing law. The District Court held the Commission to a higher standard than what Congress authorized in the statutory scheme. The Court then used that inaccurate standard to deny the Commission's motion to consolidate, declaring it moot without analyzing the merits of the Commission's request. These circumstances resulted in unfair prejudice against the Commission and potentially aggrieved parties who can no longer pursue a claim for recovery based on the termination by Supreme. Public policy disfavors such a result. "[C]ourts should adjudicate cases on their merits rather than on technical pleading grounds." *Valmont Indus., Inc. v. Better Metal, LLC*, No. 3:23-CV-01207, 2024 WL 2925743, at *6 (M.D. Tenn. June 10, 2024)(citing *Broughton*

---

[1] As outlined above and in the Commission's Response to Supreme's Motion to Dismiss (Doc. No. 35), the ATC investigation was not complete until more than eight months after the Commission filed *Supreme I*.

11

*v. St. John Health Sys.*, 246 F. Supp. 2d 764, 775 (E.D. Mich. 2003)). The Commission requests this Court reconsider its Order.

## IV.     Conclusion

It is implicit in the statutory and regulatory theme of Title VII that employers have a right to notice of the discrimination allegations lodged against them and have an opportunity to respond to those allegations during an administrative investigation. *See* 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.14(a). The Court's Order granting Supreme's motion to dismiss Claim III of the Commission's FAC conflicts with this congressional mandate as it improperly tasked the Commission with investigating separate and discrete allegations of discrimination against an entity not named in a charge of discrimination. This was an error. The Commission asks this Court to reconsider its order and reverse its decision dismissing Claim III of the FAC. The Commission further requests the Court reverse its ruling denying the Commission's motion to consolidate as moot and consolidate the Commission's presumptive sole remaining claim with *EEOC v. Supreme Staffing, LLC,* et al., Civil Action No. 2:22cv02668.

Respectfully submitted this the 25th day of October, 2024.

                                            ATTORNEYS FOR PLAINTIFF

                                            FAYE A. WILLIAMS
                                            Regional Attorney
                                            TN Bar No. 011730
                                            faye.williams@eeoc.gov

                                            MARKEISHA K. SAVAGE
                                            Trial Attorney
                                            TN Bar No. 24693
                                            markeisha.savage@eeoc.gov

                                            */s/ Roslyn Griffin Pack*
                                            ROSLYN GRIFFIN PACK
                                            Trial Attorney
                                            MS Bar No. 103317

roslyn.griffin-pack@eeoc.gov

DONNIE SNOW
Trial Attorney
TN Bar No. 030585
donnie.snow@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN 38103
(901) 701-6445

GARY SULLIVAN
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

MARYNA JACKSON
Trial Attorney
AR Bar. 2009111
maryna.jackson@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (901) 685-4642