IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:23-cv-02599-JPM-tmp |
| v. | ) ) | |
| **AARON THOMAS COMPANY, INC., and SUPREME STAFFING LLC** | ) ) ) | JURY DEMAND |
| Defendants. | ) ) | |

### DEFENDANT SUPREME STAFFING'S REPLY IN SUPPORT OF ITS MOTION FOR FEES AND COSTS

In response to Supreme Staffing's Motion for Fees and Costs, the EEOC contends that Supreme Staffing should not be awarded attorneys' fees because the lawsuit was dismissed due to a "perceived procedural defect." (Response, Doc. 166, PageID 1631.) However, impermissible claim splitting is not a "perceived procedural defect." The EEOC had no valid basis for splitting its alleged claims and filing this third lawsuit. This was the third of three cases it filed against Supreme Staffing. The claims in this litigation "could have been litigated in the two previous cases and share a common identity." (*See* Order, Doc. 146, PageID 1452.) This lawsuit, to be sure, was impermissibly split from the earlier cases and wrongly filed. As such, Supreme Staffing should be awarded its reasonable attorneys' fees for defending against an impermissible filed lawsuit.

4902-5150-7002

A.  **Despite the EEOC's Arguments to the Contrary, Title VII Authorizes an Award of Fees and Costs.**

Supreme Staffing is entitled to attorneys' fees under either the plain language of Title VII or the heightened *Christiansburg* standard. While the plain language of Title VII requires only that Supreme Staffing be the "prevailing party" in order for the Court to award attorneys' fees (42 U.S.C. § 2000e-5(k)), as explained in its moving brief, Supreme Staffing is cognizant of and recognizes the Supreme Court's decision in *Christiansburg Garment Co.*, 434 U.S. 412, 421 (1978).

In its Opposition, the EEOC spends a substantial amount of time arguing that *Christiansburg* – the Supreme Court case requiring "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith" for an award of attorneys' fees – is still controlling law and has been "reaffirmed" by the Sixth Circuit repeatedly.[1] (*See generally*, Response Doc. 166, PageID 1624-27.) What the EEOC ignores is Supreme Staffing's actual argument, which is that in light of *Loper*, the standard in *Christiansburg* has been abrogated. (*Brief in Support*, Doc. 162, PageID 1605-06.) *Loper* signaled and articulated a return to the traditional rules of statutory interpretation, namely the plain meaning of a statute controls and not the interpretation of that statute. (*Id.* (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 144 S. Ct. 2244, 2262 (2024).) Title VII, as a matter of plain text, does not require a showing that a "plaintiff's suit 'was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith,' as the Supreme Court held in *Christiansburg Garment Co*." (*Id.* at 1606-07.) None of the cases cited by

---

[1] Supreme Staffing takes issue with the characterization of "reaffirming" when in reality, the Courts in these cases cited to *Christiansburg* but did not consider its continuing validity. However, mindful of the brevity of a reply, Supreme Staffing does not address this further.

the EEOC in its Response address this in light of *Loper* because none of the cited cases were decided after *Loper*. (*See generally*, Response Doc. 166, PageID 1624-27.)

However, even considering the standard of *Christiansburg*, Supreme Staffing should still be awarded its fees. For the reasons articulated in the Motion and accompanying Brief, the EEOC should have known that this case was frivolous, unreasonable, and without foundation. (Brief, Doc. 162, PageID 1608-09.) This lawsuit was not dismissed due to a "perceived procedural defect" as alleged by the EEOC. (Response, Doc. 166, PageID 1631.) The Court stated that a "reasonable investigation" into the prior charges would have uncovered the facts the EEOC alleges in this case. (Order of Dismissal, Doc. 146, PageID 1450-51.) Further, "a claim for termination based on race against ATC and Supreme could have been uncovered via 'reasonable investigation'" in the first case the EEOC filed. (*Id.* at 1452.) Filing three lawsuits based on the same Charge of Discrimination was frivolous, unreasonable, and without foundation, and Supreme Staffing should be granted its attorneys' fees for having to defend this third lawsuit.

      B.     **Supreme Staffing's Fees and Rates Are Reasonable**

In an effort to discredit the fees and rates sought by Supreme Staffing, the EEOC states in its Response that it "reviewed the bar website and supplemented the information with the number of years each attorney has practiced." (Response, Doc. 166, PageID 1636.) The EEOC then proceeds to repeatedly state that Dean Shauger has three years of experience. (*Id.* at 1636, 1637.) Supreme Staffing clearly stated in the Affidavit accompanying its Motion that Mr. Shauger has nearly ten years of experience. (Affidavit, Doc. 161-1, PageID 1555.) He has been licensed in Tennessee for three years; however, he is licensed in the states of Tennessee, New Jersey, Pennsylvania, and Delaware and has been practicing outside of Tennessee for ten years. (*Id.*) Mr.

Shauger's rate should reflect the ten years of experience, and his own statement of how long he has been practicing, in four different states, should control over the EEOC's opinion.

The EEOC does the same with Katie Dwyer. (Response, Doc. 166, PageID 1636.) The EEOC credits Ms. Dwyer with only four years of service, ignoring that she is licensed in two states, Tennessee and Ohio. (*Id.*; Affidavit, Doc. 161-1, PageID 1562.) Ms. Dwyer has been licensed in Tennessee for four years but has been licensed in Ohio for six years. The Affidavit in Support clearly states that Ms. Dwyer has been practicing for six years. (*Id.*) Ms. Dwyer's rate should reflect her six years of experience, and her own statement of how long she has been practicing, in two states, should control over the EEOC's opinion.

The EEOC leaves out any discussion of Kayla Wunderlich's rate entirely. (Response, Doc. 166, PageID 1636.) Accordingly, Ms. Wunderlich's rate has not been objected to, and her rate should be set at the requested $380 per hour since it is unopposed. (Affidavit, Doc. 161-1, PageID 1558-59.)

Supreme Staffing's fees are reasonable. Supreme Staffing has submitted sufficient briefing including case law supporting the rates requested and an affidavit of another attorney, who is well respected in the community, that gives the Court grounds to grant its Motion. Supreme Staffing asks the Court to find the rates charged and hours expended reasonable based on its submissions to the Court.

### C.     Conclusion

For these reasons and all of the reasons clearly set out in the Motion and accompanying Brief, Supreme Staffing respectfully requests the Court grant its Motion and award it $219,516.50 in attorney fees, and $4,369.56 in costs. Supreme Staffing asks for any additional relief the Court deems warranted under the circumstances.

Respectfully submitted, this, the 25th day of April 2025.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com

**WHITNEY M. DOWDY**
Tennessee Bar No. 24985
wdowdy@bakerdonelson.com

**MARY KATHERINE SMITH**
Tennessee Bar No. 35328
mkcampion@bakerdonelson.com

**DEAN J. SHAUGER**
Tennessee Bar No. 39746
dshauger@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone

*Attorneys for Defendant Supreme Staffing LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

So certified, this, the 25th day of April 2025.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**