# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:23-cv-2599-JPM-tmp ) |
| AARON THOMAS COMPANY, INC., and SUPREME STAFFING, LLC | ) ) ) ) |
| Defendants. | ) ) ) |

## ORDER DENYING SUPREME STAFFING, LLC'S MOTION FOR FEES AND COSTS

Before the Court is a Motion for Fees and Costs, filed by Defendant Supreme Staffing, LLC ("Supreme") on March 24, 2025. (ECF No. 161.) Supreme moves the Court to award it $219,516.50 in attorneys' fees and $4,369.56 in costs. (Id. at PageID 1547.) For the reasons set forth below, Supreme's Motion is **DENIED**.

### I.     BACKGROUND

#### A.     Factual Background

This case is one of three involving Francisco Alvarez ("Alvarez"), Plaintiff Equal Employment Opportunity Commission ("Plaintiff," the "EEOC," or the "Commission"), and Defendants Aaron Thomas Company, Inc. ("ATC") and Supreme (collectively, "Defendants").[1]

---

[1] An in-depth background on the Parties, the Complaint, and the Charges of Discrimination is available in the Court's Order Granting Motion to Dismiss. (See ECF No. 146 at PageID 1436–43.)

On March 22, 2019, Alvarez was discharged from his work as an On-Site Supervisor at one of Supreme's clients, the Barrett Distributions Center ("Barrett"). (ECF No. 35-1 at PageID 216.)

On April 11, 2019, Alvarez filed Charge of Discrimination 490-2019-801 ("First Charge") against Supreme with the EEOC and the Tennessee Human Rights Commission ("THRC"). (Id.) According to the First Charge, Alvarez was removed from his position in January 2019 because he complained of racial discrimination, alleging that open jobs were given to Hispanic applicants over African American applicants. (Id.) Alvarez asserted that Supreme discriminated against him because of his national origin (Hispanic) and retaliated against him for his complaints. (Id.) Citing the First Charge, the EEOC filed an original, and then amended, complaint in EEOC v. Supreme Staffing, LLC, Better Placements Personnel, LLC, and Inspire Hotel Staffing, LLC ("Supreme I"). (ECF No. 27-2 at PageID 109.) The Supreme I amended complaint asserted claims of (1) discrimination in selection, referral, and placement; (2) segregation; and (3) a failure to preserve records. (Id. at PageID 110, 116–17.)

On April 17, 2019, Alvarez filed Charge of Discrimination 490-2019-1594 ("Second Charge"). (ECF No. 35-2 at PageID 218.) The Second Charge arose from the same facts as the First Charge—namely, that Alvarez was removed from his supervisor position in January 2019 and discharged on March 22, 2019, because he complained of racial discrimination. (Id.) In the Second Charge, Alvarez alleged Barrett discriminated against him because of his national origin and retaliated against him for his complaints. (Id.) Citing the Second Charge, the EEOC filed a complaint in EEOC v. Barrett Distribution Centers, LLC, 2:23-cv-02507-SHL-tmp (W.D. Tenn. Aug. 15, 2023) (hereinafter, "Barrett"), alleging retaliatory transfer and discharge. (ECF No. 27-3 at PageID 126, 129.)

2

On December 19, 2019, Alvarez filed Charge of Discrimination 490-2020-578 ("Third Charge"). (ECF No. 35-3.) While the Third Charge names ATC, it is based on the same operative facts as the first two. (See id. at PageID 220.) The Third Charge also included details regarding Alvarez's January 2019 internal complaint to Supreme, specifically that "[ATC], a client, preferred and insisted that [Supreme] place Hispanic applicants over African American applicants" and that "[Supreme] complied with [ATC's] request." (Id.)

### B.     Procedural Background

The EEOC filed its Complaint in this action on September 21, 2023, and its First Amended Complaint ("FAC") on October 26, 2023. (ECF Nos. 1, 16.) The FAC cites both the First Charge and the Third Charge. (ECF No. 16 at PageID 42–43.) The FAC asserts three claims: (1) Defendants discriminated against African American applicants and employees in selection, referral, and placement, in violation of Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1); (2) Defendants segregated African American employees and placed them in less desirable and lower-paying positions, in violation of Title VII, 42 U.S.C. § 2000e-2(a), and Title I of the Civil Rights Act of 1991 ("Title I"); and (3) Defendants terminated African American employees because of race, in violation of Title VII and Title I. (ECF No. 16 at PageID 43, 46–47, 50.) Each cause of action alleged a "pattern or practice" of discrimination against African American employees, (see id. ¶¶ 21, 46, 51, 82, 87), and identified alleged examples of such discrimination. (See id. ¶¶ 33–41, 62–70, 100–04; ECF No. 146 at PageID 1436–38.)

On December 11, 2023, Supreme filed a Motion to Dismiss based on Title VII's statute of limitations and claim splitting grounds. (ECF No. 27 at PageID 101.) On September 12,

2024, the Court issued an Order Granting Motion to Dismiss ("Order Granting MTD") on claim splitting grounds. (ECF No. 146 at PageID 1447–53.)

On September 27, 2024, the Court entered a Consent Decree between the EEOC and ATC. (ECF No. 150.) The Consent Decree resolved all issues and claims against ATC. (Id. at PageID 1486.)

On October 25, 2024, the EEOC filed a Motion to Alter the Judgment. (ECF No. 155.) On March 3, 2025, the Court denied the EEOC's Motion to Alter. (ECF No. 160.)

On March 24, 2025, Supreme filed the instant Motion and an accompanying Memorandum. (ECF Nos. 161, 162.) On April 11, 2025, the EEOC filed its Response in Opposition. (ECF No. 166.) On April 25, 2025, Supreme filed its Reply. (ECF No. 169.)

## II. LEGAL STANDARD

"In any action or proceeding under [Title VII,] the [C]ourt, in its discretion, may allow the prevailing party, other than the [EEOC] or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the [EEOC] and the United States shall be liable for costs the same as a private person." See 42 U.S.C. § 2000e-5(k).

"When a defendant is the prevailing party[,] . . . district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" CRST Van Expedited, Inc. v. E.E.O.C., 578 U.S. 419, 422 (2016) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)).

## III. ANALYSIS

### A. Standard for Attorneys' Fees and Costs

Supreme first argues the Court need only consider the plain language of Title VII, which allows for the Court to award attorneys' fees to a prevailing party. (ECF No. 162 at PageID

4

1605 (citing 42 U.S.C. § 2000e-5(k)).)  Supreme argues the standard required by Christiansburg "has been abrogated by recent Supreme Court decisions reinforcing the traditional rules of statutory interpretation."  (Id. (citing Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024); Bostock v. Clayton Cnty., Ga., 590 U.S. 644, 662 (2020)); see ECF No. 169 at PageID 1659.)  The EEOC argues Christiansburg lays out the appropriate standard and has not been overruled by the Supreme Court.  (ECF No. 166 at PageID 1627.)

The Court finds Supreme's argument unavailing.  The Court "may not disregard Supreme Court precedent unless and until it has been overruled by the [Supreme] Court itself."  See Taylor v. Buchanan, 4 F.4th 406, 408 (6th Cir. 2021) (citation omitted).  "Even where intervening Supreme Court decisions have undermined the reasoning of an earlier decision, [the Court] must continue to follow the earlier case if it 'directly controls' until the [Supreme] Court has overruled it."  Id.

Here, Christiansburg directly controls the case, as it sets out the standard for whether Supreme, as a prevailing defendant, is entitled to attorneys' fees and costs.  See id.; 434 U.S. at 422.  The Court thus considers the Motion under Christiansburg.  See Taylor, 4 F.4th at 408.

B.     **Analysis Under Christiansburg**

   i.     *Prevailing Party*

The Court first analyzes whether Supreme is a prevailing party in the case.  See 42 U.S.C. § 2000e-5(k); Christiansburg, 434 U.S. at 422.  The Court dismissed the EEOC's lawsuit against Supreme on claim splitting grounds.  (ECF No. 146 at PageID 1447–53.)  The Court entered a judgment in favor of Supreme.  (ECF No. 154.)  Because Supreme "succeed[ed] on [a] significant issue in litigation," the Court finds Supreme is a prevailing party.  See Granzier v. Middleton, 173 F.3d 568, 577 (6th Cir. 1999) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433,

(1983)); cf. Silver v. KCA, Inc., 586 F.2d 138, 140 (9th Cir. 1978) (finding a defendant to be a prevailing party under Title VII when the district court dismissed the plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b)).  Indeed, the EEOC does not dispute that Supreme is a prevailing party.  (Cf. ECF No. 166 at PageID 1630–31 ("[T]he only argument Supreme makes is, as the prevailing party, they are entitled to a fee award. The Supreme Court and the Sixth Circuit have expressly rejected Supreme's reasoning, and this Court should too.")

        *ii.*       *Frivolous, Unreasonable, or Groundless*

The Court next analyzes whether Plaintiff's suit was "'frivolous, unreasonable, or groundless,' or whether '[P]laintiff continued to litigate after it clearly became so.'"  CRST, 578 U.S. at 422 (quoting Christiansburg, 434 U.S. at 422).

In making this determination, the Court considers the following factors: "(1) whether [the EEOC] presented sufficient evidence to establish a prima facie case; (2) whether [Supreme] offered to settle the case; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits."  See Balmer v. HCA, Inc., 423 F.3d 606, 616 (6th Cir. 2005), overruled on other grounds by Fox v. Vice, 563 U.S. 826 (2011).

Supreme argues the EEOC's case was frivolous because it was "unreasonable and without foundation for the EEOC to split its claims and file a third lawsuit."  (ECF No. 162 at PageID 1608; see ECF No. 169 at PageID 1660.)  The EEOC argues Supreme's argument relies on "hindsight logic," and the Balmer factors weigh against awarding attorneys' fees and costs here.  (ECF No. 166 at PageID 1627–30 (citing 423 F.3d at 615–16).)

The Court finds the Balmer factors weigh against awarding attorneys' fees and costs to Supreme.  First, the EEOC "presented sufficient evidence to establish a prima facie case" for a Title VII violation.  See Balmer, 423 F.3d at 616.  In its FAC, the EEOC alleged multiple

6

examples of Supreme allegedly discriminating against African American employees. (ECF No. 16 ¶¶ 33–41, 62–70.) This is "more than the mere occurrence of isolated . . . discriminatory acts" such that the EEOC properly alleged a practice of discriminatory treatment based on race. See U.S. E.E.O.C. v. Glob. Horizons, Inc., 860 F. Supp. 2d 1172, 1191 (D. Haw. 2012), on reconsideration in part sub nom. U.S. Equal Emp. Opportunity Comm'n v. Glob. Horizons, Inc., No. CV 11-00257 DAE-rlp, 2012 WL 12883670 (D. Haw. May 31, 2012) (quoting Obrey v. Johnson, 400 F.3d 691, 694 (9th Cir. 2005)).

Second, because Supreme never tried to settle the case, (ECF No. 162 at PageID 1608), the second Balmer factor is neutral. See D'Avanzo v. Copper Cellar Corp., No. 3:12-cv-655-TAV-hbg, 2015 WL 1192113, at *3 (E.D. Tenn. Mar. 16, 2015) ("the second factor is neutral because there is no indication that [the] defendant offered to settle the case"), aff'd 15-5351 (6th Cir. 2016).

Third, because the Court dismissed the case before trial, (see ECF No. 146), the third Balmer factor weighs against awarding attorneys' fees and costs. See D'Avanzo, 2015 WL 1192113, at *3 ("the third factor[—]dismissal before trial[—]cannot, without more, support an award of fees").

The Court thus finds the balance of the Balmer factors weigh against a finding that Plaintiff's suit was "'frivolous, unreasonable, or groundless,' or [that] '[P]laintiff continued to litigate after it clearly became so.'" See CRST, 578 U.S. at 422. Accordingly, Supreme is not entitled to attorneys' fees and costs. See id.; Balmer, 423 F.3d at 616.

Finally, the Court finds Supreme is engaging in the type of "hindsight logic" cautioned against by the Supreme Court. See Christiansburg, 434 U.S. at 422 ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding

7

that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.")  Here, Supreme's only argument falls under this same *post hoc* reasoning.  (See ECF No. 162 at PageID 1608); Christiansburg, 434 U.S. at 422.  Although the EEOC's suit failed, it was not frivolous such that Supreme is entitled to attorneys' fees and costs.  See Christiansburg, 423 F.3d at 421–22.

Because Supreme is not entitled to attorneys' fees and costs, the Court does not reach Supreme's argument that its attorneys' fees and costs were reasonable.  (See ECF No. 162 at PageID 1609–1613.)

## IV.  CONCLUSION

For the reasons set forth above, Supreme's Motion is **DENIED**.

**SO ORDERED**, this the 8th day of May, 2025.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT COURT JUDGE